GEORGE WETTSTEIN, JR., as Trustee in Bankruptcy of the Estate of E. L. GILBERT COMPANY, a corporation, Bankrupt, *Appellant,* vs. E. L. GILBERT, JOHNNIE ROBERTA BRONSON GILBERT (sometimes also known as Johnnie Bronson Gilbert or Johnnie B. Gilbert) and MARY D. SUMMERLIN, *Appellees.*

141 So. 297.

Division A.

Opinion filed May 5, 1932.

Petition for rehearing denied May 25, 1932.

*John Tilden* and *H. N. Roth,* for Appellant;

*Ellis F. Davis,* and *W. J. Steed,* for Appellees.

PER CURIAM.—The appellant being duly authorized thereunto as Trustee in Bankruptcy of the Estate of E. L. Gilbert Company, a corporation, filed a bill in equity against the defendants in which it was charged that they and each of them had fraudulently procured the issuance to themselves of certain certificates of capital stock of the corporation of which the appellant is Trustee in Bankruptcy of the par value of $100.00 each for which they paid no consideration and that they each became and are indebted to the corporation in a sum equal to the par value of the stock so conveyed to them respec-

tively by the issuance of the certificates of the capital stock.

The bill alleges that Johnnie B. Gilbert is a married woman.

The allegations of the bill show that the separate estate of the defendant Johnnie B. Gilbert has been enhanced and augmented to the extent of the value of the capital stock so issued to her and prays that other separate property constituting the separate estate of the said Johnnie B. Gilbert be subjected to the payment of the amount found to be due to the corporation for the capital stock so issued.

As against all the defendants the bill prays for an accounting and that they each be required to pay over to the complainant, the appellant here, the sums found to be due by each of them respectively to the corporation.

A general demurrer was interposed to the bill by each of the defendants and was sustained.

As to all the defendants, there are no allegations in the bill of complaint which show the necessity for an accounting or which constitute any ground upon which an accounting might be ordered and as to the defendants E. L. Gilbert and Mary D. Summerlin the allegations of the bill show that the Trustee has a plain, adequate and complete remedy at law. Therefore, there was no error in sustaining the demurrer and dismissing the bill insofar as it applied to these two defendants.

The bill shows upon its face that the complainant was not entitled to the relief prayed against the defendant Johnnie B. Gilbert in that it is shown that Johnnie B. Gilbert is still the owner of the certificates of capital stock which are alleged to have been conveyed to her without consideration and, therefore, that property remains in her hands and may be subjected in equity to

the payment of the "purchase money thereof" if, as it is alleged, the purchase price remains unpaid. But, under these conditions the other separate property of this married woman defendant cannot be subjected to the payment of this obligation, if any exists. Therefore, the demurrer to the bill as to Johnnie B. Gilbert was properly sustained but as the bill could have been amended so that the plaintiff would pray therein for the relief as against this defendant Johnnie B. Gilbert which would be available under the constitution and the law and the allegations of the bill, it was error to dismiss the bill as to the defendant Johnnie B. Gilbert.

For the reasons stated the orders should be affirmed except that part of the order which dismissed the bill as to the defendant Johnnie B. Gilbert, and the cause should be remanded with directions that the plaintiff in the court below be allowed such reasonable time as may appear proper to the chancellor in which to amend his bill and proceed against the defendant Johnnie B. Gilbert, to subject the capital stock held by her for the value of "the purchase money therefor" under Sec. 2 Art. XI constitution, if he desires to do so. The costs herein should be taxed against the appellant. It is so ordered.

Affirmed in part; reversed in part and remanded.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

---

### ON PETITION FOR REHEARING.

PER CURIAM.—Petition for rehearing in this case calls our attention to the fact that the bill of complaint was not dismissed as to Johnnie B. Gilbert as is stated in the 7th and 8th paragraphs of the original opinion. Therefore, the last sentence of the 7th paragraph and the 8th

paragraph of the original opinion should be reformed so as to read as follows:

"The demurrer to the bill as to Johnnie B. Gilbert was properly sustained but as the bill could have been amended so that the plaintiff would pray therein for the relief as against this defendant Johnnie B. Gilbert which would be available under the Constitution and the law and the allegations of the bill it would have been error to have dismissed the bill as to that defendant."

For the reasons stated, the orders appealed from should be affirmed and the cause should be remanded with directions that the complainant be allowed such reasonable time as may appear proper to the chancellor in which to amend the bill of complaint and proceed against the defendant Johnnie B. Gilbert to subject the capital stock held by her for the value of the purchase money therefor as authorized by section 2 of Article XI of the Constitution, if the complainant should desire to do so.

The decree should be affirmed and it is so ordered.

The opinion and judgment of the Court filed May 5, 1932, when modified as herein provided should stand and the petition for rehearing be denied. It is so ordered.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.