Pohl Beauty School, Inc., *et al.*, v. City of Miami, and A. E. Fuller, as director of finance, and Frank O. Hoover, W. B. Stevens, Margaret V. Cox, Martin R. Eckhoff, Jr., Loren H. Cox, Joseph R. Stringfeller and Bert W. Copeland, as members of the Miami Board of Barber and Beauty Culturist Examiners, and George N. MacDonall, as Director of Public Welfare of the City of Miami.

159 So. 789.

Division B.

Opinion Filed March 7, 1935.

*Frank L. Butts,* for Appellants;

*J. W. Watson, Jr.,* and *William W. Charles,* for Appellees.

Ellis, P. J.—Pohl Beauty School, Inc., is a Florida corporation with its place of business in the City of Miami. It

conducts in the city a "beauty culture school" wherein the students are taught the art and trade of massaging, cleansing, exercising and otherwise manipulating the upper parts of the body, and dressing, curling and otherwise treating the hair of persons for the purpose of enhancing their beauty and improving the appearance of such persons by means of mechanical devices, the use of lotions, creams, tonics and similar substances.

The City of Miami adopted an ordinance in the year 1930 providing regulations and rules for conducting the business of barbering, beauty culture and beauty culture schools for the creation and appointment of a Board of Examiners and defining its powers and duties and the issuing of certificates of registration and providing penalties for the violation of any provision of the ordinance.

A beauty culture school is defined as a building, or any part thereof, "wherein, acting under proper regulation as provided by this ordinance, beauty culture, as defined by subdivision (f) hereof, shall be taught by registered instructors." A "Beauty Shop" is defined as any building or part thereof wherein beauty culture is practiced.

The ordinance requires any person practicing or engaging in the business of beauty culture to obtain a certificate of registration as a "registered beauty culturist" to be issued by the Board of Examiners established by the ordinance. It also requires any person, firm or corporation to obtain a certificate of registration from the Board of Examiners before operating a "Beauty Culture School."

The members of the Board of Examiners are appointed under the provisions of the ordinance by the "Director of Public Welfare."

The ordinance provides regualtions with which a beauty culture school must comply before it may be approved as a

school of beauty culture. Beauty culture schools are required to pay a fee of fifty dollars for a certificate of registration. Provision is made for the revocation of certificates of registration issued under the terms of the ordinance for conviction of a certificate holder of felony, malpractice or gross incompetency, drunkenness, immoral or unprofessional conduct or conviction in the municipal court of Miami of a violation of the ordinance.

In January, 1933, the Pohl Beauty School, Inc., and Bertha Pohl and her husband exhibited their bill of complaint in the Circuit Court for Dade County against the City of Miami and A. E. Fuller as Director of Finance of the city for an injunction to restrain the defendants from attempting to collect a license tax from the complainants for conducting a "Beauty Shop" and from closing the "Beauty Culture School" on account of any alleged failure to pay a license tax for operating a beauty shop and to restrain the defendants from injuring the trade and good will of the school.

The bill alleges that the school has complied with all the requirements of the ordinance and all other ordinances relating to the business of the complainant which is managed and supervised by Bertha H. Pohl, who has as her assistants qualified instructors. It is alleged that there are numerous students in attendance at the school and they are receiving competent and proper instructions.

The City of Miami and Fuller, the Director of Finance, whose duty it is to collect all licenses and taxes, have notified the complainants that they must "immediately pay" to the city "a license tax for the privilege of operating a beauty shop and have threatened to close said beauty school unless said license tax for operating a beauty shop is paid immediately."

It is alleged that complainants are not operating a beauty shop but are operating a beauty culture school, and no ordinance of the city exists requiring the payment of any license tax for the privilege of operating a beauty school, and that all taxes and fees provided for by the ordinance referred to as No. 917 have been fully paid.

A temporary injunction was granted as prayed and a bond was given by the complainant as the order required.

The defendants moved to dismiss the bill. Complainants then amended the bill by alleging in substance that since the bill was filed the "license or permits" issued by the Board of Examiners to the school has expired and that the City of Miami through its said Board of Examiners has refused to renew the certificate of registration to the school and threatened to close it through the police department under the pretense that the school is without a license or certificate of registration from said Board, although the complainants have made due application for a renewal of the certificate and all fees and taxes required by law to be paid for such renewal have been paid or tendered and refused; that such action of the city is taken because through its different agencies it is insisting that the Pohl Beauty School should pay a license as a "Beauty Shop" before its certificate of registration as a Beauty Culture School should be renewed.

The restraining order was extended to other agencies of the city named in the amendment to the bill through whom the city is endeavoring to compel the Beauty School to pay the tax required by the city.

Then followed the amendment to the original bill in which it was alleged that the school's certificate had expired but that before it expired the complainants made application for its renewal and tendered to the Board the fee of fifty dollars as the ordinance required and complied with

all other requirements of the ordinance but the Board refused to issue a renewal of the certificate. It is alleged that such action of the Board does not proceed from any lawful reason but is based upon a desire on the part of the members of the board, who are with one exception engaged in or interested in the beauty culture or barber, trade within the city, to stifle the competition created by complainants and to prevent the students of the school from entering into the business or trade for which they are trained.

An attack is also made on Section 3 of the ordinance because it is alleged that it does not provide that the board should be composed of impartial persons; that the present personnel of the Board is not impartial but on the contrary is disqualified by interest in the particular business of beauty culture. It is alleged that the board threatens to close the school and to cause the arrest of the complainants on a charge that the school is operating without a certificate of registration or license which has been wrongfully withheld from the complainants; that George N. MacDonell, the Director of Public Welfare, is active in advising the members of the board in their attempt to injure the complainants and destroy their business.

The prayer is for an injunction to restrain the defendants from interfering with or molesting or arresting the complainants on the charge of operating a beauty school without a license or certificate of registration; that the complainants be decreed to be entitled to a certificate of registration and that the Board be required to issue the certificate; that Section 3 of the ordinance be declared to be void and the board be enjoined from exercising any power or authority over the complainants and the court decree what what amount, if any, the complainants should pay to obtain a renewal of their certificate.

A motion was made to dismiss the bill of complaint and the amendment thereto, the grounds being that there is no equity in the bill and no facts are alleged to justify the relief sought. A motion was also made to dissolve the temporary· injunction, the grounds being that there is no equity in the bill; that the complainants have an adequate remedy at law, and other general grounds. ·

The motion to dismiss the bill of complaint and the amendment was granted. From that order the complainants appealed. The case was orally argued on February 22nd by solicitors for the parties.

An analysis of the bill of complaint and the amendments thereto will reveal that the suit was not one to restrain the city or any of its agencies from enforcing an ordinance, but it is one to restrain the city and its agencies named from an unlawful interference and molestation of the business of the complainants, which interference, aside from the vexations character of it, will, if persisted in, work an irreparable injury to the complainants' business, a destruction of its good will, which it has built up after years of efficient service, and the driving away from its school of the students which now attend it, besides subjecting the complainants to unnecessary litigation and costs.

According to the allegations of the bill these activities of the city through the agencies named proceed not from a sense of duty to enforce the ordinances of the city but from personal motives of interest and selfishness on the part of certain members of the city's agency, known as the Board of Examiners, who are utilizing with the city's consent and in its name a governmental power to put a competitor of members of the Board out of business; that the pretense of the Board that the complainant should be required to pay a license fee for conducting a "Beauty Shop" and that the

complainant has not obtained a renewal of the certificate of registration as a Beauty Culture School is a mere subterfuge to render the accomplishment of the unlawful design of the Board's members possible, to create a superficial appearance of a technical enforcement of law while furthering their selfish design to put the complainant out of business.

The allegations of the bill and the amendment sufficiently show such to be the theory on which the complaint was made and the ground for the relief sought.

The motion to dismiss the bill admits for purposes of the argument the allegations well pleaded.

Under the Chancery Act of 1931, Chap. 14658, the motion to dismiss for most practical purposes is the substitute for and the equivalent of a general demurrer. See Annotation at the end of Section 33 Chancery Act 1931 by McCarthy. Fed. Land Bank of Columbia v. Godwin, 107 Fla. 537, 138 South. Rep. 513, which holds that a general demurrer addressed to the entire bill of complaint should be overruled if there is any equity in the allegations of the bill.

The original bill sought to restrain the city through its agencies from closing the school for failure to pay a shop license tax which the complainant was not required under the ordinance of the city to pay and the amendment shows that the purpose proceeds from an unlawful exercise of apparent power in the city's agency the Board of Examiners. Such conduct is an unlawful interference by the city through the medium of its agencies with the property and business of the complainant. See 32 C. J. 259.

The above doctrine is generally recognized. It was applied in the case of Dunscombe v. County Commissioners Martin Co., 98 Fla. 112, 123 South. Rep. 523, where a county began the erection of a court house before a per-

manent county seat had been duly chosen. This court held that the dissolution of an injunction to restrain the county from the unlawful exercise of the power was erroneous.

The principle is recognized that equity will enjoin the institution of criminal proceedings under an alleged unconstitutional statute when the circumstances of the case are exceptional and the danger of irremedial loss is apparently great and immediate to complainant's alleged property rights. See L. Maxcy, Inc., v. Mayo, 103 Fla. 552, 139 South. Rep. 121.

In view of the case made by the bill of complaint and the amendment which under the Chancery Act, *supra,* may be used in support of the equity of the bill, the dismissal of the bill and the amendment was erroneous.

The order is reversed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.