LYKES BROTHERS FLORIDA COMPANY v. ZIBA GLENN KING and HELEN G. KING, an infant, joined by her mother, and next friend, ZACHARY KING, in her own right.

169 So. 595.

Opinion Filed July 29, 1936.

*McKay, Macfarlane, Jackson & Ramsey,* for Appellant; *J. D. Kinsey, and John B. Singeltary,* for Appellees.

DAVIS, J.—Many specific propositions of law—nineteen in number to be exact—have been raised and argued in the brief of appellant in support of its appeal from an interlocutory order denying its motion in the court below to dismiss appellees' bill of complaint for want of equity.

The rule is well settled that where a court of equity has jurisdiction of the particular kind of controversy attempted to be set up in issuable form in and by a bill of complaint appropriately filed in the proper chancery court, and such facts have been positively alleged in the bill delineating such controversy that, if admitted to be true as alleged for the purposes of demurrer, will entitle the complainant to any equitable relief whatsoever, then a motion to dismiss such bill of complaint under the 1931 Chancery Act (Chapter 14658, Acts 1931) for want of equity, ought not to be granted.

A motion to dismiss under Section 33 of the 1931 Chancery Act seeks to finally terminate the suit by dismissing the bill and, if granted, results in a final decree for the defendant unless the Chancellor makes his order sustaining such motion conditioned upon an amendment of the bill to state a better cause in equity. M. Bright Farms, Inc., v. Broward County Port Authority, 117 Fla. 361, 158 Sou. Rep. 70; Hewett v. Punta Gorda State Bank, 108 Fla. 39, 145 Sou. Rep. 883; Pohl Beauty School, Inc., v. City of Miami, 118 Fla. 664, 159 Sou. Rep. 789; Warren v. Tampa Mortgage Investors Co., 112 Fla. 555, 150 Sou. Rep. 738; Wettstein v. Gilbert, 105 Fla. 427, 141 Sou. Rep. 297.

Circuit Courts, as courts of equity, have jurisdiction to compel accounting and discovery, and to give appropriate relief, in cases of mismanagement of estates by administrators, executors and trustees, particularly where the probate courts cannot give the comprehensive relief necessary to do complete justice in the premises. Opitz v. Morgan, 68 Fla. 469, 67 Sou. Rep. 67.

While the sole interest of appellant in the subject matter of this suit appears to be that of a purchaser of a stock of cattle allegedly constituting partnership assets from alleged assignees thereof who are charged with having sold same illegally, the nature of their relationship, alleged in the bill of complaint, as amended, with respect to the complicated transactions set up, is such that a court of equity should determine appellant's right in relation to the rights of all of the parties to this cause in the course of deciding the controversy as a whole, and therefore the motion of appellant to dismiss the bill for want of equity as to it was properly denied.

We regard it as inappropriate at this time to go further than to determine that the bill of complaint as amended

states a cause of action in equity sufficient to withstand the motion to dismiss filed by the appellant Lykes Brothers Florida Company, a corporation, remitting for future consideration and determination the specific questions argued in appellees' brief, should these be found necessary to de-, cide at some future time in the progress of the litigation.

Affirmed and remanded.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.