Mrs. J. D. ALDERMAN, a widow, MRS. BERTHA M. ELLIOTT, a widow, *et al.,* as members of and constituting the FLORIDA MILK COMMISSION, Petitioners, v. PURITAN DAIRY, INC., J. G. DUPIUS, *et al.,* Respondents.

199 So. 44.

En Banc.

Opinion Filed December 13, 1940.

*Worley & Gautier,* and *R. B. Gautier, Jr.,* for Petitioners;

*Albert D. Hubbard,* for Respondent;

*Edward E. Fleming* and *Emmett C. Choate* as *Amicus Curiae.*

CHAPMAN, J.—This cause is before the Court on petition for writ of certiorari under the provisions of Rule No. 34 adopted by this Court on April 30, 1939, and it appearing that a substantial compliance has been made with Rule No. 27 of this Court effective February 15, 1939, the petition for the writ is presented upon the theory that the order sought to be reviewed is interlocutory and not a final decree.

The order is viz.:

"The above styled and entitled cause having come on before me to be heard upon the plaintiff's bill and upon the defendants' several motions to dismiss 'same, and argument of counsel for the respective parties having first been had and the Court being fully advised it appears that:

"Chapter 19231, Acts of 1939, has been and is being administered so as to apply to special areas within the State of Florida by the force of orders of the Commission; hence

same purports to have the force and effect of special acts of the Legislature, and it appears that the Legislature would not be competent to pass an act limited to a special area such as prescribed by said order of such Commission without proper notice as prescribed by Article 3, Section 21, Constitution of Florida. It therefore follows that the Commission cannot do by authority of the Legislature that which the Legislature could not do; or expressed otherwise, the Legislature cannot authorize the Commission to do what it could not do under the same circumstances."

"The Commission purports to enforce, as law, its orders as special law; i. e., applied to a special area, not in compliance with the constitutional pre-requisites as to special acts.

"Since the orders, if legislative Acts, would be void, they must fall by the reason of the same weakness. Doubtless the Act is constitutional in many respects, but in the administration óf said Act pertaining to the enforcement of the orders involved here, it is not. In consideration of the premises, it is ordered and decreed that the motions to dismiss said bill be granted and same shall stand dismissed unless the plaintiffs shall file an amended bill within twenty days from the filing of this order with the clerk."

It is well established that a final decree terminates and ends the litigation and unless the decree is by a court of competent jurisdiction by a subsequent order vacated or modified within the period of time prescribed by statute, the court is without authority and thereby precluded from further proceeding therein, except to enforce the said final decree. Counsel for petitioners were allowed twenty days in which to file an amended bill of complaint, but the record fails to disclose that the amended bill was filed as authorized by the order of dismissal, *supra.*

The order sought to be reviewed by this Court on certio-

rari is ruled by the case of Cone v. Benjamin, 142 Fla. 604, 195 So. 416, and the applicable language is viz.:

"The rule adopted by this Court in distinguishing between interlocutory and final decrees is that in a final decree the litigation is concluded and there remains nothing more to be done in the cause as distinguished from beyond the cause. A final decree decides and disposes of the case on its merits and no questions remain open for judicial determination. An interlocutory order or decree is one which leaves some question in the case open for future judicial determination. See State *ex rel.* Everette v. Petteway, 131 Fla. 516, 179 So. 666; Heverle v. Rasmussen, 103 Fla. 76, 137 So. 259; Hirsch Co. v. Scott, 87 Fla. 336, 100 So. 157; Banks v. Guinyard, 63 Fla. 334, 58 So. 229; Johnson v. Johnson, 91 Fla. 275, 107 So. 342; State *ex rel.* Reynolds v. White, 40 Fla. 297, 24 So. 160; Owens v. Forbes' Adm'rs, 9 Fla. 325; Bellamy v. Bellamy, 4 Fla. 242. A decree is not a final decree which does not dispose of the whole matter in controversy between the parties. See Barnard v. Gibson, 7 How. 650, 12 L. Ed. 857; 21 C. J. par. 822, pp. 642-3."

It having been determined by this Court that the order sought to be reviewed on petition for writ of certiorari under the provisions of Rule 34 is a final decree and not an interlocutory order, it therefore follows that the petition must be denied, without prejudice for a review thereof by this Court on appeal. Likewise an application for the use of the transcript filed in this Court to be used on said appeal will at a later date, if desired, be considered by this Court and the proper order entered.

It is so ordered.

WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.

Chief Justice TERRELL and Justice ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.