**ZOE D. DUDEMAINE, joined by her husband and next friend, EUGENE A. DUDEMAINE, v. ROY SHAW and MARY SHAW, his wife, J. W. MOSTELLER, AMERICAN OIL COMPANY, a corporation, CECIL MARTIN, HARRY WHALON, FRED STRICKLAND and LILLIAN E. STRICKLAND, his wife, FRED G. TEGDER, S. E. HUTCHINS.**

13 So. (2nd) 444  
May 14, 1943

January Term, 1943  
Division B

*E. W. & R. C. Davis* and *Wallace E. Davis,* for petitioner.

*Claude L. Gray,* for American Oil Company and Fred G. Tegder, *A. T. McKay* for J. W. Mosteller, *Addison L. Williams* for Roy Shaw and Mary Shaw, *J. B. Rodgers* for Fred and Lillian Strickland and *Warren B. Parks* for S. E. Hutchins, respondents.

SEBRING, J.:

The petitioner seeks by petition for interlocutory certiorari to review an order or decree of the lower court dismissing an amended bill of complaint. The point is made by the respondents that the petitioner has mistaken her remedy, in that she should have come here by appeal instead of by petition for certiorari.

A motion to dismiss an amended bill of complaint on the ground that there is no equity in the bill seeks to finally terminate the suit by dismissing the bill. If granted, the order on the motion is final, unless the chancellor enters the order conditioned upon an amendment of the bill to state a cause in equity. Lykes Bros. Florida Co. v. King, et al., 125 Fla. 101, 169 So. 595.

In the present case motions to dismiss the amended bill of complaint were filed by all parties defendant against whom any relief was sought. On argument, the several motions to dismiss were granted and an order thereon was entered. No leave was given the plaintiff to amend the amended bill of complaint, nor does it appear from the record that permission to amend was requested. The decree, therefore, was a final decree which was reviewable only by appeal and not by interlocutory certiorari. Saffran v. Adler, 152 Fla. 405, 12 So. (2nd) 124.

The petition for interlocutory certiorari should be denied. It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.