**ANNIE E. DUSTIN, a widow, v. M. LATZKO and SOPHIE LATZKO, his wife, et al.**

21 So. (2nd) 904                                    January Term, 1945
April 27, 1945                                              Division A

*Alfred P. Marshall,* for appellant.

*J. E. Satterfield,* for J. E. Satterfield and Lacy S. Satterfield and *Casler & Douglas,* for Ray E. Green, as Clerk of the Circuit Court of the Sixth Judicial Circuit, for appellees.

BUFORD, J.:

The appeal, notice of which was filed February 16, 1945, attempts to bring here for review order entered November 15, 1944, dismissing bill of complaint as to defendants J. E. Satterfield and Lacey Satterfield, his wife, and Ray E. Green as Clerk of the Circuit Court of the Sixth Judicial Circuit of Florida, a final decree entered February 5, 1945.

The assignments of error are as follows:

"1. The circuit court erred in entering its 'order granting motions to dismiss' dated November 15, 1944, and filed in Chancery Order Record Book No. 208 on page 100.

"2. The circuit court erred in entering its 'final decree of foreclosure and sale' dated February 5, 1945, and filed in Chancery Order Book 209 on page 607."

Appellant poses three questions for our consideration as follows:

"I. Does Section 194.18, 1943 Supplement to Volume I Florida Statutes 1941, obligate the clerk of the circuit court to make, from the records in his office, an accurate finding of the existence or non-existence of a mortgagee before he can issue a valid tax deed?"

"II. Is a tax deed duly and regularly issued by a clerk who failed to accurately determine the existence of mortgagees, whose mortgages were of record in his office?"

"III. Does a clerk's erroneous finding, in a tax deed application proceeding, that there was upon the date of application no mortgages encumbering the lands included in said application, and his consequent failure to give notice of such application to any mortgagee, invalidate the tax deed issued thereon?"

The order entered November 15, 1944, dismissing bill of complaint as to certain named defendants was a final judgment as to such defendants reviewable only by appeal prosecuted within sixty (60) days from the date of entry of such order. See Alderman, et al., v. Puritan Dairy, et al., 145 Fla. 292, 190 So. 44.

On November 29, 1944, appellant filed her petition in certiorari for review of the order of November 15, 1944, wherein the same contentions were presented which are sought to be now presented. Briefs were filed by the respective parties and the issue presented without objection to the procedure adopted under Rule 34 of this Court.

On December 20, 1944, we entered our order under subparagraph (b) of Rule 34, denying the relief prayed.

Appellant now submits that she is entitled to have review because of language contained in the final decree, viz:

"Second. That J. E. Satterfield and Lacey S. Satterfield, his wife, and Ray E. Green as Clerk of the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pinellas County are improper parties defendant to this cause and were by prior order of this Court dismissed as parties defendant because of the fact that the tax deed under which defendant J. E. Satterfield holds title is valid, it having been duly and regularly issued by said Ray E. Green as Clerk in accordance with the laws of the State of Florida."

While we might properly dispose of the matter by holding the entire matter presented res adjudicata, it is not improper for us to state here that the petition for certiorari was denied and the final decree should be affirmed because the plaintiff did not in her bill of complaint (a) bring herself within the purview of Sec. 192.21 Fla. Statutes 1941 (same F.S.A.); (b) did not show that either the name or the address of the mortgagee appeared on the tax roll as contemplated by Sec. 194.18,

Fla. Statutes 1941 (same F.S.A.) ; (c) does not show that the mortgagee had brought herself within the protection afforded by Sec. 194.14 Fla. Statutes 1941 (same F.S.A.), by filing written request for notice; (d) it is shown by the bill of complaint that the clerk complied with the provisions of Sec. 28 of Chapter 20722 Acts of 1941, Sec. 194.18 Fla. Statutes 1941 (same F.S.A.), as amended by Sec. 28, Chapter 22079 Acts of 1943, which sections must be read in para materia with Sec. 194.14, supra.

So, the decree is affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.