**J. C. ANDERSON, v. T. MABRY CARLTON and wife SEPTA CARLTON, J. B. ALTMAN and R. E. RAULERSON.**

22 So. (2nd) 874                                    June Term, 1945
July 31, 1945                                       Special Division B

*Leitner & Leitner,* for appellant.

*W. W. Whitehurst,* for appellee.

BROWN, J:

Appellant filed a bill in equity against appellees in the Circuit Court of Hardee County early in February, 1945. The defendants promptly filed motion to dismiss on several

grounds. On February 23, 1945, the Chancellor made an order in general terms sustaining the motion and dismissing the bill, but allowed the plaintiff fifteen days within which to amend.

On March 16, 1945, plaintiff filed a petition for certiorari in this Court, asking that said order be reviewed and reversed. The defendant made no objection to this form of review under our rule 34. Counsel for the respective parties filed well prepared briefs on the merits. On March 26, 1945, the petition came on to be heard here, and this Court made an order that "said petition be and the same is denied without prejudice." The method of review sought was a proper one, in as much as the order sought to be reviewed by certiorari was not a final order, as it allowed the plaintiff fifteen days within which to amend his bill. Hence this Court, finding no error in the Chancellor's order, denied the petition for certiorari "without prejudice," thereby giving petitioner opportunity to amend his bill in the lower court. But we gather from statements in appellant's brief on this appeal, that counsel for appellant evidently construed our said order to mean that he should have come up by appeal on the theory that the order granting a motion to dismiss a bill with leave to amend was a final decree which could only be reviewed by appeal.

However, that may be, on April 6, 1945, appellant filed in the Court below an amended bill. To this amended bill, which was not substantially different from the original bill, appellees filed an answer, denying certain material allegations of the bill as amended and incorporated in the answer a motion to dismiss the bill on the grounds that, if plaintiff ever had a cause of action, it was barred by the statute of limitations, and also voided by the statute of frauds (689.05, F.S. 1941), and various other grounds. The cause came on to be heard before the chancellor on the motion to dismiss the amended bill, which motion was incorporated in the answer. The Chancellor stated in his order dated May 25, 1945, that the proper disposition of the cause would be aided by a determination of the motion and that in his opinion the amended bill did not state a cause of action and that the motion to

dismiss should be sustained. So in his order he sustained the motion to dismiss, but added a paragraph allowing the plaintiff fifteen days to amend the amended bill of complaint, and that as plaintiff had requested a stay provision in case of an appeal to the Supreme Court, the plaintiff was granted fifteen days from the date of the receipt by the Clerk of the Circuit Court of the order of the Supreme Court, disposing of such appeal, within which to amend the amended bill of complaint.

From this order, plaintiff below has taken this appeal, which was entered within ten days after the above order of May 25, 1945, was rendered.

Appellees, within ten days after the transcript was filed in this Court, filed a motion to dismiss the appeal on the ground that the order appealed from was not a final judgment, or order, disposing of the cause, but on the contrary was an interlocutory order and hence reviewable only by certiorari.

In the case of Dudemaine v. Shaw, 153 Fla. 16, 13 So. (2nd) 444, we held that where, as in that case, motion to dismiss the bill was granted, and no leave was given the plaintiff to amend, the order of dismissal was a final decree which could not be reviewed on certiorari. In the opinion of Mr. Justice Sebring in that case it was said: "A motion to dismiss an amended bill of complaint on the ground that there is no equity in the bill seeks to finally terminate the suit. If granted, the order in the motion is final, unless the chancellor enters the order conditioned upon an amendment of the bill to state a cause in equity." Lykes Bros. Fla. Co. v. King, et al., 125 Fla. 101, 169 So. 595, and Saffran v. Adler, 152 Fla. 404, 12 So. (2nd) 124.

We have held in several cases that a motion to dismiss a bill, under the 1931 Chancery Act, for most practical purposes, is the equivalent of a general demurrer. See Pohl Beauty School, Inc., v. City of Miami, 118 Fla. 664, 159 So. 789.

The order attempted to be reviewed by this appeal was not a final order. If the defendant should be unsuccessful on this appeal, he could under the order proceed in the lower

court and file an amended bill. A stay was granted to protect him meanwhile. This shows that the order was really interlocutory, rather than final, in its nature, and review thereof could only be had by certiorari under Rule 34.

The case of Dustin v. Latsko, 155 Fla. 824, 21 So. (2nd) 904, is not in conflict. The order dismissing the bill as to certain named defendants in that case was unconstitutional and final as to them. Appellant also cites Alderman v. Puritan Dairy Co., 145 Fla. 292, 199 So. 44. In that case, in an opinion by the present Chief Justice, we held that where an order was granted dismissing a bill unless plaintiff should file an amended bill within twenty days, and no amended bill was filed, the order became a final decree, reviewable on appeal. We adhere to that holding. It is not in conflict with our present holding.

For the reasons above pointed out, the motion to dismiss this appeal must be, and hereby is, granted.

CHAPMAN, C. J., BUFORD and THOMAS, JJ., concur.