71 So.2d 165 (1954)
BARTOW GROWERS PROCESSING CORP.
v.
FLORIDA GROWERS PROCESSING COOPERATIVE et al.
Supreme Court of Florida. Division A.
January 29, 1954.
Rehearing Denied April 6, 1954.
Chesterfield H. Smith, Wm. A. McRae, Jr., and Holland, Bevis & McRae, Bartow, for petitioner.
Counts Johnson, Tampa, and H.C. Crittenden, Winter Haven, for respondents.
SEBRING, Justice.
Bartow Growers Processing Corporation brought suit for an accounting, and other relief, against Florida Growers Processing Cooperative, Alcoma Association, Inc., W.H. Clark Fruit Company, Clearwater Growers Association, Domino Citrus Association, Great Southern Citrus Association, Lake Region Citrus Association and Palm Harbor Citrus Growers Association. All of the defendants except the Florida Growers Processing Cooperative filed a motion to dismiss the complaint on the ground that it did not state a cause of action upon which relief could be granted as to them. The motion to dismiss was granted and the cause was dismissed as against said defendants. Subsequently, the plaintiff filed its petition for interlocutory certiorari in this Court to review the order of dismissal. The said defendants moved to dismiss the certiorari proceeding on the ground that appeal was the only method by which this Court could acquire jurisdiction to review the order of dismissal.
We find that the motion to dismiss the certiorari proceeding is well founded. The order sought to be reviewed was a final order reviewable only by appeal. In the case of Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904, it was pointed out that an "order * * * dismissing bill of complaint as to certain named defendants was a final judgment as to such defendants reviewable only by appeal * * *." See also Alderman v. Puritan Dairy, 145 Fla. 292, 199 So. 44; Spivey v. Huss, 147 Fla. 527, 3 So.2d 127. While section 59.45, Florida Statutes *166 1951, F.S.A., provides that an appeal improvidently taken may "be regarded and acted on as a petition for certiorari duly presented", it does not provide that a petition for certiorari improvidently filed may be treated as a notice of appeal, where appeal is the proper remedy, and in our opinion we have no power to treat the petition for certiorari, filed in this cause as an appeal.
The motion to dismiss the certiorari proceeding should be granted.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.