SEBRING, Justice.
Bartow Growers Processing Corporation, the plaintiff below, brought suit against Florida Growers Processing Cooperative, hereinafter referred to as the cooperative, and six other defendants, for an accounting and other relief.
*167 The defendants, other than the cooperative, filed a motion to dismiss the complaint as to them, and the motion was granted. The plaintiff did not appeal from this order, but instead sought to review the same by certiorari. By an opinion this day filed it is held that the order sought to be reviewed was a final order reviewable only by appeal, and that consequently a motion to dismiss the certiorari proceeding should be granted. See Bartow Growers Processing Corp. v. Florida Growers Processing Cooperative, Fla., 71 So.2d 165. Therefore', the current state of the record is that by an order of dismissal, which remains outstanding, these defendants have been dismissed as parties to the action and accordingly need no longer be considered.
. -With these parties out of the way,, the record shows that the suit is one arising out of a contract entered, into between Bar-tow Growers Processing Corporation and Florida Growers Processing Cooperative, which provided, among other things, that during the 1951-1952 Florida citrus processing season the plaintiff would, use its processing plant at 'Bartow, Florida, to process into' frozen concentrate oranges supplied to Florida Grower's Processing Cooperative by its patrons and delivered by such patrons to said Bartow plant; that' the cooperative would deliver or cause to be delivered to said plant oranges oh such daily schedules as would be consistent with the efficient operation of said plant; that the' title to all oranges so delivered, to all juice in process, and to' all of the finished product] would remain in the cooperative; that the plaintiff would maintain and hold available to the cooperative all of the zero storage facilities available at the Bartow plant, and that such storage should be considered as part of the processing cost; and that cooperative would pay the plaintiff at the rate of 600 per gallon of the finished product for all of the product processed under the contract, such per gallon rate to cover all services required of the processing corporation. . ..
In paragraph 6 of the complaint in the cause the plaintiff alleged that under the terms of the contract “the defendants” — including, we must assumé, the defendants who were dismissed from the suit by order of court — supplied 43,323 boxes of oranges grown in the State of Florida. The plaintiff alleged, also, that “Plaintiff processed said oranges into frozen orange concentrate for defendants. During such period, the State of Florida levied an excise tax to support a state advertising program, in the amount of 30' per box per each standard packed box, or the equivalent thereof, of oranges grown in the State of Florida. None of the oranges so supplied by defendants to plaintiff were grown by plaintiff; on the contrary, said oranges were grown in the State of Florida, either by defendants Alcoma Association, Inc.,' W. H. Clark Fruit Company, Clearwater Growers Association, Domino Citrus Associatiqn, Great Southern Citrus Associátion, Lake Region Citrus Association ánd Palm Harbor Citrus Growers Association, or by their privies] who are citrus fruit grower's not parties to this suit, and' all of said oranges were either sold or delivered for shipment in fresh form by the growers thereof to defendants, or their privies, or received and .accepted .from the growers thereof, or their , privies, by defendant Florida Growers Processing Cooperative at a concentrating, plant for concentrating. Said oranges were thus first handled in the primary channels of trade by defendants, and were owned by defendants at the time said oranges were supplied to plaintiff by defendants, arid at all times thereafter. Defendants were obligated and liable to pay said advertising taxes. Plaintiff advanced in behalf of defendants to the State of Florida the sum of $1,299.69, in payment of said advertising taxes.. Defendants have failed and refused, and continue to fail and refuse, to reimburse or to pay plaintiff for said sum of $1,299.69 as advanced by plaintiff to the State of Florida in behalf of defendants.”
In paragraph 7 of the ' complaint the plaintiff alleged with reference to the 43,-323 boxes of oranges processed by the plaintiff, that “During such period, the *168 State of Florida levied a state -inspection fee upon all citrus fruit sold, offered for sale, or offered for shipment, within or without the State of Florida; said inspection fee was per standard packed box, as applied to oranges to be concentrated. Said oranges, or the concentrated products therefrom, were not sold, offered for sale, or offered for shipment, within or without the State of Florida, by plaintiff;' on the contrary, said oranges, or the concentrated products therefrom, were sold, offered for sale, or offered for shipment, within or without the State of Florida, by defendants. Said oranges were owned by defendants at the time said oranges were supplied to plaintiff, and at the time said oranges were inspected, and at all times thereafter. Defendants were obligated and liable to pay said inspection fees. Plaintiff advanced in behalf of defendants to the State of Florida the sum of $270.77, in payment of said inspection fees. , Defendants have failed and refused, and. continue to fail and refuse, to reimburse and to pay -plaintiff for said sum of $270.77, as advanced by plaintiff to the State of Florida in behalf of defendant."
On motion of the defendant, paragraph 6 of the complaint was stricken but a motion to strike paragraph 7 of the complaint was denied. Both the plaintiff and the cooperative have brought certiorari to review the adverse orders entered against them.
Section 601.15, Florida Statutes 1951, F.S.A., insofar as applicable to this controversy, reads as follows:
“(3) (a) There is hereby levied and' imposed the following excise taxes upon each * * * box of * * * citrus fruits grown in this state * * * oranges, three cents per box’;
* * * * * *
■ “(6) (a) * * * All such taxes shall be paid to the commission or the payment thereof guaranteed to the commission by.the person first handling the fruit in the primary channel of, trade, except that all taxes on fruit.delivered. or sold for canning, concen- . trating, or processing in this state shall be guaranteed to the commission by the person so canning, concentrating, or processing such, fruit by the giving of a security bond, or cash deposit under rules and regulations promulgated by the commission.” (Emphasis sup-., plied.)
 This statute has been construed by this Court , as one levying “a tax upon the privilege of handling fruit, or selling fruit, of delivering fruit, for shipping, or delivering fruit .for canning or processing into byproducts. The tax is not levied upon the right of. ownership or of production, or of possession.” Floyd Fruit Co. v. Florida Citrus Commission, 128 Fla. 565, 175 So. 248, 250, 112 A.L.R. 562. And it appears from the statute and the case cited that the person primarily obligated- to pay this excise is the person first “turning the 'commodity into the channels of trade.”
From the allegations of the complaint it seems plain that the plaintiff corporation was not the.,person -“first turning the .commodity into the channels of trade;” for if we understand the nature of its operations correctly, its activities were confined solely to processing fruit belonging to growers for a stipulated consideration, and thereafter turning the concentrate and the by-product back to the growers, or their privies,, for eventual disposition on the market. Therefore, there is substance to the claim of the plaintiff that the state advertising tax paid by it on the 43,323 boxes of Florida oranges it processed pursuant to the contract involved should be reimbursed to it by the person or persons on whose behalf it was expended.
As has been stated at the outset of this opinion, all original defendants in this suit were dismissed from the action leaving as the sole party defendant Florida Growers Processing Cooperative. Therefore, since it is plain from a reading of the complaint in its entirety that sales or deliveries “for shipment in fresh form” of the oranges 'in question were made, if at all, to original defendants other. than Florida Growers *169 Processing ' Cooperative, the' first of the alternative allegations in paragraph 6 of the complaint are mere surplusage, insofar as that paragraph is directed toward the cooperative, the only remaining defendant in the suit.
 With these allegations eliminated, the .remaining allegations of paragraph 6 are, in effect, that the cooperative received the fruit at the concentrating plant from the growers, or their privies, and hired the plaintiff as an independent contractor to process it. If this can be established by a preponderance of the evidence, we entertain the view that the plaintiff would be able to recover the taxes advanced by it from the cooperative,' on the ground that' said' defendant would be the party who “turned the commodity into the channels of trade” within the purview of the statute. Accordingly, it cannot be said that paragraph 6 stated no cause of action against said defendant. ' '
We are of the opinion that the propriety of the order denying the motion to strike paragraph 7 of the complaint turns upon, the sufficiency of the allegations to show primary liability of the cooperative for citrus inspection fees levied upon fruit or products “sold, offered for sale, or offered for shipment within or without the State of Florida”. Section 601.28, Florida Statutes 1951, F.S.A. There would seem to be no doubt that, if proven, the allegations in this respect are sufficient to charge the respondent, in the circumstances of the parties’ transactions, with exercising the privilege of offering 'the product for sale or shipment, upon which privilege this excise is levied. The ruling of the lower court in denying the motion to strike paragraph 7 is therefore correct.
From the conclusions reached, it follows that the petition of the plaintiff to quash so much of the order sought to be reviewed as orders paragraph 6 of the" complaint stricken should be quashed and that an order be entered denying the motion to strike' said paragraph. It likewise follows that the petition of the defendant fo quash' so much of the order sought to be reviewed as denies the motion to strike paragraph 7 of the complaint should be denied.
It is so ordered. ,
ROBERTS, C. J., and TERRELL and MATHEWS, JX, concur;