99 So.2d 643 (1957)
Roberta RAMSEY, Appellant,
v.
Janice ARONSON and Paul Aronson, Individually and as husband and wife, Appellees.
No. 57-296.
District Court of Appeal of Florida. Third District.
December 3, 1957.
Rehearing Denied January 28, 1958.
Leonard H. Rubin, Miami, for appellant.
Robert P. Kelley, Miami, for appellees.
HORTON, Judge.
The appellant sued the appellees in the lower court for damages allegedly resulting from malicious presecution instituted by the appellees in the municipal court of the City of North Miami, Florida. After the cause was at issue and had been set for trial, the appellee, Paul Aronson, on November 16, 1956, filed motion for summary judgment with a supporting affidavit. No counter-affidavits were filed by the appellant. Prior to that date, the appellant had filed motion for summary judgment on the appellees' counter-claim but without any supporting affidavits. After a hearing upon the respective motions *644 for summary judgment, the lower court, on December 7, 1956, entered an order granting the motion of the appellee, Paul Aronson, for summary judgment and denied the appellant's motion for summary judgment on the appellees' counter-claim. Motion for non-suit was filed by the appellant and an order was entered on January 29, 1957 granting the same.
It is from the order of January 29, 1957, granting the appellant's motion for non-suit that this appeal was taken. Notice of appeal was filed on March 28, 1957.
The appellant has made four assignments of error upon which she relies for a reversal of the lower court. However, in her brief, none of these assignments have been argued. It therefore follows that where assignments of error are not argued in the brief, they are deemed abandoned and will not be considered on review. Rule 3.7(i), Florida Appellate Rules.
The appeal should be dismissed for the reason that this court has no jurisdiction to review the summary judgment entered in favor of the appellee, Paul Aronson, on December 7, 1956. The notice of appeal was filed more than sixty days after the rendition of the summary judgment. It was argued by counsel for the appellant that an appeal from the order of non-suit should permit a review of the summary judgment previously entered. This contention has no merit for the reason that the summary judgment was final, terminating the law suit against the appellee, Paul Aronson, and there was no further judicial labor to be performed in connection with the appellant's claim against him. See Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904; Donin v. Goss, Fla. 1954, 69 So.2d 316; Fellowship Foundation v. Soule, Fla. 1956, 85 So.2d 628.
The appellant was apparently granted an order of non-suit after the entry of the summary judgment for the appellee, Paul Aronson. There was no adverse ruling about to be made by the lower court on the trial of the cause for the reason that the appellant's motion set out that the non-suit was being taken for the purpose of reviewing the summary judgment entered on December 7, 1956. It was then, in effect, a voluntary non-suit or dismissal of her action pursuant to 30 F.S.A. Rule 1.35 (a) (1) of the Florida Rules of Civil Procedure, and there was nothing in the order of non-suit itself to review.
Appeals from orders of non-suit are permissible only by virtue of statute, namely 59.05, Fla. Stat., F.S.A., which provides:
"When, because of any decision or ruling of the court on the trial of a cause, it becomes necessary for the plaintiff to suffer a non-suit, he may appeal therefrom, and the facts, points, rulings, and decisions may be preserved for review, by the appellate court, as in other cases."
Sect. 54.09, Fla. Stat., F.S.A., in addition to Rule 1.35, provides:
"No plaintiff shall take a non-suit on trial unless he do so before the jury retire from the bar."
It becomes clearly apparent from a reading of 59.05, supra, that the order of non-suit brought here for review is not within the purview of said statute. In City of Jacksonville v. Shaffer, 107 Fla. 367, 144 So. 888, 891, Justice Davis, in commenting on an attempt to review a judgment of non-suit, said:
"The present case is here on writ of error, with bill of exceptions taken to a judgment of nonsuit, taken under section 4617, Comp.Gen.Laws, section 2907, Rev.Gen.St. [F.S.A. § 59.05]. The purpose of permitting appeals like this from voluntary nonsuits is to permit the plaintiff in a case at law to have important legal questions, arising during the trial of his case, presented to and decided by the appellate *645 court, without his being required to suffer the conclusiveness of a final judgment against him on the merits. But the statute permits only the decisions of the court `on the trial' of any cause to be reserved for the decision of the appellate court by bill of exceptions as in other cases. Therefore in the present case rulings on the pleadings which occur prior to the `trial' cannot be considered."
Having concluded that this court has no jurisdiction to review the judgment complained of, it follows that the appeal should be and it is hereby dismissed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.

On Petition for Rehearing.
PER CURIAM.
The appellant's petition for re-hearing points out that the court's opinion rendered in this cause on December 3, 1957, dismissed the appeal for lack of jurisdiction to review an alleged summary judgment entered by the lower court. It has been brought to the court's attention, and a review of the record discloses, that the order sought to be reviewed on appeal from the judgment of non-suit was an order granting a motion for summary judgment. No summary judgment was ever entered. Consequently, the court's opinion, insofar as it refers to a summary judgment, is herewith corrected. The court adheres to its original opinion that the judgment of voluntary non-suit sought to be reviewed in this cause is not a final judgment from which an appeal would lie.
The petition for re-hearing is denied.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.