117 So.2d 758 (1960)
Marvell WOMACK, a Minor, and Ethel Mae Womack, His Guardian, Appellants,
v.
Burton F. GOLDBERG and Joyce S. Goldberg, Appellees.
No. 59-653.
District Court of Appeal of Florida. Third District.
February 11, 1960.
*759 Samuel Berger, Miami, for appellants.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellees.
CARROLL, CHAS., Judge.
A motion by the appellees to dismiss this appeal presents the question of whether a trial court's order is final, or is interlocutory, which, upon granting a defendant's motion to dismiss, dismisses the complaint and grants leave to the plaintiff to amend, with no amendment being filed. We hold that such an order is final and appealable.
In this case, an order was entered on September 16, 1959, as follows:
"This Cause coming on to be heard upon the defendants' motion to dismiss, and the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is
"Ordered and Adjudged that the motion be, and the same is hereby granted, and that the complaint be, and the same is hereby dismissed with leave to amend within fifteen (15) days from the date hereof."
The provision therein "that the complaint be, and the same is hereby dismissed," made the order final, even without including the customary language that "the defendant go hence without day." Schwertfeger v. Constant, Fla.App. 1959, 109 So.2d 173, 175. Being otherwise final in form and content, the finality of the order was not diminished by adding the clause, "with leave to amend within fifteen (15) days from the date hereof," and, as no amendment to the complaint was filed, the rendition date of the final order and the start of the running of the 60-day period for appeal therefrom was September 16, 1959. Brenner v. Gelernter, Fla. 1956, 90 So.2d 306.
The appellants, being uncertain of the finality of that common-law order, applied to the court and obtained a second order, which, dated October 20, 1959, was as follows:
"This Cause coming on to be heard upon the defendants' motion to dismiss the complaint, on the ground that the complaint fails to state a cause of action upon which relief can be granted, and the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is
"Ordered and Adjudged that the motion be, and the same is hereby granted, and the complaint be, and the same is hereby dismissed for failure to state a cause of action upon which relief can be granted, and the defendant may go hence without day, plaintiff having declined to amend."
This appeal is based on a notice of appeal filed November 2, 1959, directed only to the second order. No appeal having been taken from the first (final) order of dismissal rendered September 16, 1959, the appellees' motion to dismiss the appeal from the second order should be granted.
For the reasons stated, this above styled and numbered appeal is dismissed.
It is so ordered.
*760 HORTON, C.J., concurs.
PEARSON, J., dissents.
PEARSON, Judge (dissenting).
I respectfully dissent from the view of the majority although I recognize its logic. I would not hold that an order dismissing a complaint with leave to amend is a final order. It is tantamount to a holding that a cause may be finally dismissed with a string attached so that the cause may be pulled back if the plaintiff sees fit to amend. This allows a party by his own act to fix the character of the decree, i.e., make it final or not, without further action of the court.
The point appears to have been directly determined in Florida by a decision of the District Court of Appeal of Florida, Second District, in Shaw v. Hill, Fla.App. 1959, 114 So.2d 721, wherein it was stated:
"* * * The appeal purports to be an appeal from a final judgment. The original order of dismissal from which the plaintiff takes his appeal is an interlocutory order in which the plaintiff is allowed 30 days to plead further. The final order of dismissal was entered on the 10th of July, 1959, 2 days after the appeal was filed in this case."
This holding does not directly conflict with that of the Supreme Court of Florida in Brenner v. Gelernter, cited in the majority opinion, because in the latter case Mr. Justice Drew, then Chief Justice, pointed out:
"Since the only order before this court was dated, and also recorded in the Chancery Order Book over sixty days before the notice of appeal was filed, appeal was not timely  whether the order was final, or interlocutory as suggested by appellant. Rules 12(2) and 14(2), Florida Supreme Court Rules." [90 So.2d 308.] (Emphasis added.)
The decision of the majority is supported by several cases decided prior to the effective date of the 1954 Florida Rules of Civil Procedure.[1] Upon the other hand a reading of Rule 1.11, Florida Rules of Civil Procedure, 30 F.S.A., would indicate that the seven "defenses" listed in subsection (b) do not dispose of the action immediately upon having been found to exist as a matter of law, and that a further order of dismissal is required.
I also find that I must agree with the reasoning contained in several federal cases involving situations similar to the instant case. The Supreme Court of the United States in Jung v. K. & D. Mining Co., 356 U.S. 335, 78 S.Ct. 764, 766, 2 L.Ed. 806, held that an order dismissing a complaint but granting additional time to file an amended complaint does not constitute a final judgment. The opinion discussed the similarity of an order dismissing a complaint with leave to amend within a specified period with an order sustaining a demurrer with leave to amend. The Court also stated "The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal." In Western Electric Co. v. Pacent Reproducer Corporation, 2 Cir., 1930, 37 F.2d 14, 15, an order directing that the bill of complaint be dismissed with leave to amend within twenty days was held to be "no more than an order sustaining defendants' motion to dismiss, unless an amendment shall be made, and contemplates and requires another *761 order of absolute dismissal after expiration of the time allowed for amendment, if none has been filed."[2]
NOTES
[1] Alderman v. Puritan Dairy, 145 Fla. 292, 199 So. 44. Cf. Wolf v. Cleveland Electric Co., Fla. 1952, 58 So.2d 153; Anderson v. Carlton, 156 Fla. 170, 22 So.2d 874. See also Barns, Appeal and Error, 12 U.Miami L.Rev. 541, 551-2 (1958). But see Lykes Bros. Florida Co. v. King, 125 Fla. 101, 169 So. 595; Dudemaine v. Shaw, 153 Fla. 16, 13 So.2d 444; Schwenck v. Jacobs, 160 Fla. 33, 33 So.2d 592.
[2] Other federal cases which hold to the same effect are Jung v. K. & D. Mining Co., 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed. 806; Cleary Brothers v. Christie Scow Corporation, 2 Cir., 1949, 176 F.2d 370; Leonard v. Socony-Vacuum Oil Co., 7 Cir., 1942, 130 F.2d 535; Atwater v. North American Coal Corporation, 2 Cir., 1940, 111 F.2d 125; Cory Bros. & Co. v. United States, 2 Cir., 1931, 47 F.2d 607. Langdell, Equity Pleading 105 (2nd ed. 1935).