MOODY, JAMES S., Associate Judge.
Appellant, defendant below, seeks review of a final judgment in favor of appel-lee, plaintiff below.
Such facts as are necessary to this opinion are as follows. Plaintiff Pickren filed a complaint at law January 12, 1959, seeking to recover judgment for services rendered by him as a private detective. The defendant, Arvilla P. Bentley, died on February 3, 1959, before service of process was perfected. Plaintiff, without leave of court, filed an amended complaint naming as defendant, Joseph Rafferty, as executor of Bentley’s estate. This defendant filed motion to dismiss the amended complaint and as grounds assigned the failure to set forth a cause of action and that the plaintiff failed to comply with the Florida Rules of Civil Procedure requiring an order of court to substitute the executor as defendant in place of the deceased. Upon hearing the court on June 19, 1959, entered the following order which is the focal point of this case.
“This cause was presented upon Defendant’s Motion to Dismiss Plaintiff’s Amended Complaint. Although the Amended Complaint appears to state a cause of action, the procedure followed by Plaintiff does not comply with the requirements of Rule 1.19(a), Florida Rules of Civil Procedure [30 F.S.A.] It is thereupon
“Ordered and Adjudged that Defendant’s Motion to Dismiss be granted, and Plaintiff’s Amended Complaint is dismissed without prejudice.”
Plaintiff, on July 8, 1959, filed motion to substitute executor Rafferty for Bentley as defendant. Thereafter Rafferty was replaced by J. W. Nowlin as administrator c. t. a. so plaintiff moved to substitute Now-lin for Bentley. Nowlin objected on the ground that no substitution could be made since there was no complaint before the court. Upon hearing the objection was denied, order was entered permitting substitution, amended complaint was filed, and further proceedings were held with the case proceeding to judgment in favor of plaintiff. The defendant appealed and we affirm.
*895 The defendant has posed several procedural questions for consideration but all are interwoven with the one basic question, to-wit: Was the above order of dismissal a final judgment or purely an interlocutory order? Obviously, if the order was a final judgment, the plaintiff could proceed no further except by filing another suit at law.
It has been held by this court that an order granting motion to dismiss and that the complaint be dismissed is a final judgment. Schwertfeger v. Constant, Fla.App.1959, 109 So.2d 173. The basic reasoning for this determination was set forth in Blount v. Hansen, Fla.App.1959, 116 So.2d 250, 251:
“In general contemplation a final decree as it concerns mode of review, decides and disposes of the cause on its merits, leaving no questions open for judicial determination except the execution or enforcement of the decree if necessary. Thus the distinguishing feature between an ‘Interlocutory Decree’ and a ‘Final Decree’ may be said that an interlocutory decree is one that is rendered in the middle of the cause and which does not finally determine or complete the cause; while a final decree is one that determines the rights of the parties and disposes of the cause on its merits, leaving nothing more to be done in the cause as distinguished from beyond the cause. The test, therefore, of a final decree is whether the judicial labor is at an end. Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175; Alderman v. Puritan Dairy, 1940, 145 Fla. 292, 199 So. 44, and Olin’s, Inc. v. Avis Rental Car System of Florida, Inc., Fla.App.1958, 100 So.2d 825.”
In Alderman v. Puritan, supra, it is further stated [145 Fla. 292, 199 So. 45]:
“ * * * a decree is not a final decree which does not dispose of the whole matter in controversy between the parties. See Barnard v. Gibson, 7 How. 650, 12 L.Ed. 857; 21 C.J. par. 822, pp. 642-3.”
It was noted in Foley v. State, Fla.1951, 50 So.2d 179, 185, 186 that:
“ * * * ‘ “Final judgment” means the finish of the judicial labor, pronouncement of the ultimate conclusion of the court upon the case * * * ’ ” (Emphasis supplied.!
It would thus appear that we must determine if the legal effect of this order was to dispose of the whole matter in controversy, pronounce the ultimate conclusion of the case and terminate the judicial labor of the lower court. The status of the pleadings, the particular matters before the court, and the contents of the order in question have a direct bearing upon the legal effect of such order. We are concerned not only with the technical form of the order, but also the intent as expressed therein. Form and content are of equal import in revealing the finality thereof. It has been held that an order dismissing a complaint is a final order even though it was “dismissed with leave to amend”. Womack v. Goldberg, Fla.App.1960, 117 So.2d 758, 760. The court observed:
“ * * * Being otherwise final in form and content, the finality of the order was not diminished by adding the clause, ‘with leave to amend within fifteen (15) days from the date hereof’ * * (Emphasis supplied.)
In the case at bar, we are of the opinion that the lower court did not dispose of the whole matter in controversy. The question before the court was the failure of the amended complaint to state a cause of action and the failure to comply with Rule 1.19(a). The court specifically found that a cause of action was stated but that plaintiff failed to comply with the rule in filing the amended complaint without an order of court. The legal effect of this determination was to permit further pleadings in the case and the court thereafter did consider further pleadings. This was an action at *896 law. The court recognized the plaintiff had a cause of action at law in that court which remained to be litigated. It would be a useless and unnecessary requirement to hold that the plaintiff was obligated to file another action at law in tire same court.
In the case of Wood v. Sinclair Refining Co., Fla.1954, 73 So.2d 226, the court considered a similar question. Suit was filed on a tort claim. The lower court granted a motion to dismiss “without prejudice to the plaintiff to proceed at law on a claim of breach of contract”. On appeal the Supreme Court held this was not a final judgment stating:
“ * * * the plaintiffs could have plead both causes of action and now, according to our interpretation of the order, they may proceed ex contractu, so the effect of the order was to allow an amendment though, evidently, the plaintiffs had not sought that privilege
“As we construe the order in the light of what has been and what may be decided, we do not find that it has the characteristics of a final judgment * * (Emphasis supplied.)
We are aware that the foregoing order did not include the usual language such as “the defendant go hence without day” or that “the complaint is dismissed” but this formal language apparently was not as significant to the court as the fact that, considering the contents of the order, the court had not made a final and complete determination of the matters before it.
We have considered the other assignments of error but find no harmful error, if error there be.
Judgment is affirmed.
SHANNON, C. J., and KANNER, J., concur.