401 So.2d 822 (1981)
Richard P. NIESZ, Appellant,
v.
R.P. MORGAN BUILDING, CO., INC., et al., Appellees.
No. 81-142.
District Court of Appeal of Florida, Fifth District.
April 15, 1981.
Richard P. Niesz, pro se.
Wayne L. Hogeboom of Kennedy & Hogeboom, South Daytona, for appellees.

ON MOTION TO DISMISS APPEAL
COWART, Judge.
By order dated December 31, 1980, the trial court (1) denied a certain petition for reconsideration, (2) granted a motion to strike certain pleadings, and (3) dismissed the plaintiff Richard P. Niesz, individually as a party to the cause and dismissed all claims asserted by him as an individual party plaintiff. On January 12, 1981, the trial court entered an order scheduling a non-jury trial. Appellant's belated objection to the order of December 31, 1980 (as proposed by appellees' counsel) was denied by order entered January 14, 1981.
On February 2, 1981, appellant filed a notice of appeal[1] of these three *823 orders. Appellee Dostie Homes, Inc., moves this court to dismiss the appeal claiming all three are non-final orders and non-appealable under Florida Rule of Appellate Procedure 9.130(a)(3). Appellant says the orders are final pointing out that the orders do not merely dismiss a cause but dismiss him as a party. We agree with appellee that all portions of all three orders are non-final and non-appealable except Paragraph 3 of the order entered December 31, 1980, dismissing appellant Richard P. Niesz individually as a party and dismissing all claims so asserted by him in this cause. As to that provision we must agree with appellant. The order dismissing Richard P. Niesz, individually, is final because it concludes all issues between him and the other parties and constitutes an end of the judicial labor and the cause relating to him, leaving nothing further to be done.[2]
The motion to dismiss is granted except as to the provisions of Paragraph 3 of the order dated December 31, 1980, and as to that provision the motion to dismiss is denied.
GRANTED in part; DENIED in part.
DAUKSCH, C.J. and ORFINGER, J., concur.
NOTES
[1] We have used the date of the original notice of appeal notwithstanding that appellant was required to file an amended notice because of noncompliance with the Florida Rules of Appellate Procedure. We also note that in the notice of appeal appellant states that the order of the trial court dated December 31, 1980, was "rendered" on that date. If that was correct this appeal would have to be dismissed for failure of the appellant to commence the appeal within thirty days of rendition of the order to be reviewed pursuant to Florida Rule of Appellate Procedure 9.110(b). However, we have ascertained from the trial court record that the order dated December 31, 1980, was not filed by the clerk until January 5, 1981, and, therefore, was not rendered within the meaning of Florida Rules of Appellate Procedure 9.110(b) and 9.020(g) until that date.
[2] See, e.g., Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904 (Fla. 1945); Logan v. Flood, 346 So.2d 1243 (Fla. 1st DCA 1977); Berkan v. Brown, 231 So.2d 871 (Fla. 3d DCA 1970); and McMullen v. McMullen, 145 So.2d 568 (Fla. 2d DCA 1962), cited in Haddad, Partial `Final' Judgments, The Fla.B.J., April 1979, at 204.