453 So.2d 66 (1983)
William B. BRADDON, Appellant,
v.
DORAN JASON COMPANY, a Corporation, Three over Prime Limited, a Limited Partnership, and Doran Jason, an Individual, Appellees.
No. 83-413.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Rehearing Denied July 3, 1984.
Lanza, Sevier, Womack & O'Connor, Coral Gables, and Judith A. Bass, Miami, for appellant.
McDermott, Will & Emery and Xavier L. Suarez, Chicago, Ill., for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This appeal challenges, inter alia, the order of the trial court dismissing two of three named defendants in a lawsuit based on a single claim. Generally, an order which totally disposes of the case as to a party or parties is a final, appealable order. Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904 (Fla. 1945); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980). However, if the order does not constitute an end of the judicial labor and the cause relating to the dismissed party, the order is interlocutory rather than final. See Niesz v. R.P. Morgan Building Co., Inc., 401 So.2d 822 (Fla. 5th DCA 1981). See generally Alderman v. Puritan Dairy, Inc., 145 Fla. 292, 199 So. 44 (Fla. 1940) (distinguishing final decrees from interlocutory orders).
Here, the lower court's order dismissing two of the named defendants with leave to amend did not signal the end of judicial labor as to the dismissed defendants. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54-55 (Fla. 3d DCA 1982) (once a court has dismissed a complaint, but has granted the party leave to amend, further court action is required in order to make the dismissal final). The order in its present form is a non-appealable interlocutory order. Fla.R. App.P. 9.130(a)(3).
Appeal dismissed.