186 So.2d 489 (1966)
A.C. HANCOCK, G.D. Polly, Glenn Allen, Wesley G. Downing and W.H. Doub, As and Constituting the Board of County Commissioners of Collier County, Florida, a Political Subdivision of the State of Florida, Petitioners,
v.
Wilford J. PIPER and Alida Piper, Husband and Wife, and Lester T. Piper and Lucille Piper, Husband and Wife, Respondents.
No. 34423.
Supreme Court of Florida.
April 27, 1966.
James R. Adams, Naples, for petitioners.
George T. Swartz, of Allen, Knudsen, Swartz, Richardson and DeBoest, Fort Meyers, for respondents.
ROBERTS, Justice.
The petitioner, by certiorari, seeks to review a decision of the District Court of Appeal, Second District, reported in 175 So.2d 207. Conflict having been made to appear between such decision and Womack v. Goldberg, Fla.App. 1960, 117 So.2d 758, we assumed jurisdiction and set the case for argument.
The respondents' (plaintiffs') amended complaint in chancery was dismissed by the trial court for failure to state a cause of action on September 10, 1964 with the respondents granted leave to file an amended complaint within twenty days. The second amended complaint was not filed until October 1, 1964. The petitioners (defendants) moved to dismiss for lack of jurisdiction, the twenty days having passed. Their motion was denied and they took an interlocutory appeal to the District Court of Appeal, Second District, which affirmed the trial court, thereby permitting the litigation to continue. That decision is the subject of this review.
The District Court stated that the order of dismissal, which read
"Ordered, Adjudged and Decreed that said motion be and the same hereby is granted, and this cause be, and the same hereby is dismissed, and it is further,
"Ordered, Adjudged and Decreed that the plaintiffs be granted twenty (20) days within which to file their amended complaint in the above styled cause."
did not dismiss the cause and lacked the requisite finality to relieve the court of further judicial labor.
The controlling question here presented is whether the above order is a final decree or an interlocutory order. The District *490 Court of Appeal held that the order is not a final decree, thereby continuing the litigation, and we agree. Such would amount to a holding that the cause may be finally dismissed but with a reservation that if an amendment is timely filed the cause will be reinstated. This would leave to the plaintiffs the right to determine the character of the decree, in that, if he fails to amend the order it becomes a final judgment, but if he timely files an amended bill of complaint the original order of dismissal amounts merely to an interlocutory ruling.
The District Court of Appeal, Second District, in Shaw v. Hill, 114 So.2d 721, took the view that such an order as here under review is interlocutory only, and in disposing of the matter said:
"* * * The appeal purports to be an appeal from a final judgment. The original order of dismissal from which the plaintiff takes his appeal is an interlocutory order in which the plaintiff is allowed 30 days to plead further. The final order of dismissal was entered on the 10th of July, 1959, 2 days after the appeal was filed in this case."
The Supreme Court of the United States in Jung v. K. & D. Mining Co., 356 U.S. 335, 78 S.Ct. 764, 766, 2 L.Ed. 806, held where an order dismisses a complaint but allows the plaintiff time to file an amended complaint is interlocutory in nature and not a final judgment. Among other things the court said
"The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal."
Other federal cases supporting this view are cited in footnote No. 2, Glasser v. Florida Real Estate Commission, Fla.App., 117 So.2d 761. Compare also Johann Maria Farina v. Roger & Gallet, 2 Cir., 296 F.2d 119.
The decision in Western Electric Company v. Pacent Reproducer Corporation, 37 F.2d 14, 15, held that an order dismissing a bill of complaint with leave to amend is merely an order sustaining the defendant's motion to dismiss, and the court said
"That a party by his own act may fix the character of the decree  that is, make it final or not, without further action by the Court  would seem anomalous, to say the least." An order directing that the bill of Complaint be dismissed with leave to amend within twenty days was held to be "no more than an order sustaining Defendant's Motion to Dismiss, unless an amendment shall be made, and contemplates and requires another order of absolute dismissal after expiration of the time allowed for amendment, if none has been filed."
In view of the foregoing, we disapprove the majority opinion in Womack v. Goldberg, 117 So.2d 758, and hold that an order dismissing a cause but granting additional time in which to file an amended complaint is nothing more than an interlocutory order and that the court still has control of the litigation.
Judged by this standard the order sub judice was not a final order, and a formal judgment after the termination of the twenty-day period was required to make it so.
The decision of the District Court of Appeal being correct, the writ of certiorari heretofore issued in this cause is discharged.
It is so ordered.
THORNAL, C.J., THOMAS, J., and MASON, Circuit Judge, concur.
O'CONNELL, J., dissents in part and concurs in part with opinion.
O'CONNELL, Justice (dissenting in part and concurring in part).
I dissent from that portion of the majority opinion which holds the order of dismissal to be interlocutory only. In my *491 opinion the rule expressed in Womack v. Goldberg, supra, is the better view and eliminates the necessity for the prevailing party and the court performing an unnecessary act, that of obtaining or entering a final judgment of dismissal.
However, in the instant case I concur in the result reached. Although the trial court did not expressly state his reliance thereon, and although the plaintiffs did not comply therewith by making the required motion, I am of the view that the trial judge had the discretion to excuse the late filing (one day) of the amended complaint under the provisions of Rule 1.6(b), F.R.C.P., 30 F.S.A.