PER CURIAM.
The above case involving an action at law, was orally argued before this court on April 13, 1967. A member of the court questioned the finality of the order upon which the appeal was taken, which order is in part as follows:
“ORDERED and ADJUDGED as follows :
“1. Said Motions to Dismiss be and the same are hereby granted.
“2. Plaintiffs be and are hereby allowed twenty (20) days from the date hereof to file a second amended complaint.
“3. Defendants be and are hereby allowed twenty (20) days from the date of service of any such second amended complaint in which- to plead as they may be advised.”
In Hancock v. Piper, Fla.1966, 186 So.2d 489, our Supreme Court held in a chancery case that an order which dismissed a complaint for failure to state a cause of action, but which granted plaintiffs’ leave to file an amended complaint was an “interlocutory order” and was not a “final decree.”
In Hancock, the Supreme Court said:
“The Supreme Court of the United States in Jung v. K. & D. Mining Co., 356 U.S. 335, 78 S.Ct. 764, 766, 2 L.Ed. 806, held where an order dismisses a complaint but allows the plaintiff time to file an amended complaint is interlocutory in nature and not a final judgment. Among other things the court said
“ ‘The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal.’ ”
Also in Hancock, the Supreme Court disapproved of the majority opinion in Womack v. Goldberg, Fla.App.1960, 117 So.2d 758, stating:
“ * * * that an order dismissing a cause but granting additional time in which to file an amended complaint is nothing more than an interlocutory order and that the court still has control of the litigation.”
The appeal filed in this cause is sua sponte dismissed.
ALLEN, C. J., and SHANNON and PIERCE, JJ., concur.