LILES, Chief Judge.
The present appeal concerns a 25 foot strip of land situated between the Gulf of Mexico and Little Sarasota Bay in Sarasota County. The complex of litigation surrounding this property was initiated by plaintiff-appellant in 1959 and has run through five law suits, only the last three of which are of immediate interest.
Both appellant and appellee, Palmer Bank, derived title to the land in question from common grantors. In 1966, appellees, State Road Department and Sarasota County, instituted an eminent domain proceeding (Case No. 8003) to acquire a right of way that involved the eastern portion of the 25 foot parcel. Appellant was made a party not as to the 25 foot strip, but with respect to other property. She soon served a motion to dismiss the action on the allegation that the condemning authorities failed to make a diligent search to ascertain the true ownership of the property, as required by Section 73.071, Florida Statutes, F.S.A. The following year appellant filed the instant suit, Case No. 67-35, for declaratory relief, asserting that she was in doubt as to her rights vis-a-vis the land and praying that these rights be adjudicated. Shortly thereafter, appellant instituted Case No. 67-55 concerning another portion of the 25 foot strip.
At an early stage of the proceeding, the trial court entered an order that consolidated Cases No. 67-35 and No. 67-55 for the purposes of depositions, discovery and trial, but not for the pleadings. The same order recited an agreement by counsel for the condemning authorities that Case No. 8003, the condemnation suit, would not be set for trial until Cases No. 67-35 and No. 67-55 were resolved. Thereafter, the ap-pellees filed a motion to strike the complaint as a sham pleading and moved to dismiss for failure to state a cause of action.
The court entered an order that granted the motion to dismiss, allowed appellant *247 six days within which to amend her complaint and specified that the motion to strike was not heard. Later, attorneys for all parties entered into a stipulation providing that the time for filing an amended complaint be extended by ten (10) days. On the last day agreed upon for filing an amended complaint, appellant served what purported to be a notice of voluntary dismissal. Appellees promptly filed a motion for final judgment, which was subsequently entered by the court, and the cause was dismissed with prejudice. Appellant thereupon lodged this appeal.
Against this factual backdrop the issue before us is whether a trial judge, who dismisses a case with leave to file an amended complaint, acted properly in entering a final judgment dismissing the cause with prejudice when the plaintiff, instead of filing an amended complaint within the time allotted, filed a voluntary dismissal. We hold that the lower court acted within proper hounds and affirm.
Appellant contends that the dismissal of her complaint by the court did not conclude the action; rather, the cause was terminated by appellant’s voluntary dismissal filed prior to the entry of final judgment. In her view the order granting the motion to dismiss for failure to state a cause of action was merely interlocutory in character.
We, however, do not agree. In its order the circuit court undoubtedly dismissed the complaint. This dismissal was not interlocutory but rang with finality. The court allowed appellant a specified time within which to revive the action by an amended complaint. The time awarded was for no other purpose. The complaint could be revived in no other manner. Appellant failed to take advantage of the court’s leniency and now has no just reason to complain.
The stipulation between the parties for extending time applied to one subject only —it extended the “time for serving and filing plaintiff’s amended complaint.” No other thing was requested or granted by the stipulation. Thus, at the running of the time stipulated, the appellees were, in view of the inappropriate action taken by the appellant, entitled to entry of the final judgment.
We have no doubt, in addition, that the trial court acted properly in dismissing the case with prejudice. Rule 1.420, Rules of Civil Procedure, 30 F.S.A., the rule involved, reads in pertinent part as follows:
“Dismissal of Actions.
(a) Voluntary Dismissal; Effect Thereof.
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. * * *
“(b) Involuntary Dismissal. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.” (Emphasis supplied.)
The language italicized was a part of the rule prior to 1962, then was eliminated, and *248 then in 1966 was added back in order to overrule the case of Hardee v. Gordon Thompson Chevrolet, Inc., Fla.App.1963, 154 So.2d 174, and restore the rule of Hinchee v. Fisher, Fla.1957, 93 So.2d 351. See Drady v. Hillsborough County Aviation Authority, Fla.App. 1966, 193 So.2d 201. Among other things the Hinchee case held that a previous order of dismissal for failure to pay a sum of money into the registry of a court amounted to a judgment on the merits and foreclosed the bringing of a second complaint. Thus, under the Hin-chee rationale a case can properly be submitted to the trial court for decision without a trial on the merits. See also Sneider v. Park View Island Corp., Fla.App.1962, 140 So.2d 136.
A review of Rule 1.420(a) (1), points up that a party-plaintiff has an absolute right to take one voluntary dismissal at any time before hearing on a motion for summary judgment or before retirement of the jury or before submission of a nonjury case to the court for decision. Meyer v. Contemporary Broadcasting Co., Fla.App.1968, 207 So.2d 325. The complaint in this case should stand dismissed with prejudice because the plaintiff “has once dismissed * * * an action based on or including the same claim,” within the clear meaning of the rule.
Moreover, as the wording of Rule 1.420 implies, courts have the inherent power to impose the sanction of dismissal for failure to comply with a court order. Warriner v. Ferraro, Fla.App.1965, 177 So.2d 723. It appears that in the present case the trial judge did not abuse his discretion in ordering dismissal of appellant’s complaint with prejudice, in light of the appellant’s failure to abide by the order of the court.
Finally, after a review of the record, we determine that the trial court acted properly in granting appellees’ motion to dismiss and we therefore affirm.
PIERCE and MANN, JJ., concur.