225 So.2d 901 (1969)
Elinor HIBBARD, Petitioner,
v.
STATE ROAD DEPARTMENT OF FLORIDA et al., Respondents.
No. 38213.
Supreme Court of Florida.
July 30, 1969.
Rehearing Denied September 11, 1969.
John C. Dent, Jr., of Cramer, Robinson, Ginsburg & Ross, Sarasota, for petitioner.
J. Douglas Arnest and Worth Dexter, Jr., of Dexter, Conlee & Bissell, Sarasota, Howard Hadley, Gainsville, Louis S. St. Laurent, Tallahassee, and Geoffrey B. Dobson, Bronson, for respondents.
*902 BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 216 So.2d 245. Our jurisdiction is based on conflict between the decision sought to be reviewed and a prior decision of this Court.
Petitioner filed a complaint seeking a determination of her rights, if any, to a twenty-five (25) foot strip of land against which respondents, State Road Department and Sarasota County, had instituted eminent domain proceedings to acquire right-of-way. Other respondents, Palmer National Bank and Gulf-to-Bay Mobile Home Sites, Inc., claimed interests adverse to petitioner.
Respondents, State Road Department and Sarasota County, filed answers and respondents, Palmer National Bank and Gulf-to-Bay Mobile Home Sites, Inc., moved to dismiss the complaint for failure to state a cause of action. The trial court entered its order granting the motion to dismiss and allowed six (6) days within which petitioner could amend her complaint. A stipulation between all the attorneys was entered extending the time for filing an amended complaint, by ten (10) days. Within the time for filing an amended complaint, petitioner filed and served a notice of voluntary dismissal. Respondents, Palmer National Bank and Gulf-to-Bay then filed a motion for final judgment. Judgment was entered by the trial court dismissing the action with prejudice.
On appeal the District Court of Appeal, Second District, framed the issue presented for its determination as follows:
"[W]hether a trial judge, who dismisses a case with leave to file an amended complaint, acted properly in entering a final judgment dismissing the cause with prejudice when the plaintiff, instead of filing an amended complaint within the time allotted, filed a voluntary dismissal."
The District Court concluded that the trial court did not abuse its discretion in dismissing the cause with prejudice.
The decision of the District Court conflicts with Hancock v. Piper, 186 So.2d 489 (Fla. 1966). In Hancock, this Court held that an order dismissing a cause for failure to state a cause of action and granting leave to amend was an interlocutory order, not a final decree, and that the Court still had control of the litigation. Since the order was merely interlocutory so that the trial court still had control of the litigation, this Court concluded that plaintiff's filing of an amended complaint beyond the time limit allowed in the dismissal order was proper until a formal final judgment was entered by the court on motion.
Petitioner contends that a plaintiff has a right to voluntarily dismiss an action pursuant to Rule 1.420(a), Florida Rules of Civil Procedure, 30 F.S.A., after the court has dismissed the complaint with leave to amend, if no further order has been entered by the Court prior to the service of the notice of dismissal.
We agree. The order of the trial court dismissing the complaint with leave to amend was interlocutory in nature and did not cut off plaintiff's, petitioner's, right to file a voluntary dismissal.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
DREW, Acting C.J., CARLTON and ADKINS, JJ., and SPECTOR, District Court Judge, concur.