McCAIN, DAVID L., Associate Judge.
Appellant appeals entry of a summary final judgment for appellee, Sun & Surf of Palm Beach, Inc. We reverse.
The chronology of pertinent events leading to this appeal are: Appellant, as a mate-rialman, filed a mechanic’s lien foreclosure suit against the landowner, Sun & Surf of Palm Beach, Inc., and the contractor; a bond to discharge any lien that may have been filed was posted prior to the suit; upon motions to dismiss, appellant’s complaint was dismissed with leave to amend within a stated time; following expiration of the time and no amended complaint having been filed, Sun & Surf, as landowner, moved for a dismissal and for summary judgment; an amended complaint was then filed without naming Sun & Surf as a de *638 fendant but still praying for a lien on its lands; minutes prior to the hearing on the motion for summary judgment appellant served and filed a notice of voluntary dismissal as to Sun & Surf; nevertheless, the trial judge granted summary final judgment.
Appellant's contention that the court erred in entering summary final judgment in favor of Sun & Surf after its election to take a voluntary dismissal is meritorious.
F.R.C.P. 1.420(a) (1), 30 F.S.A., relative to voluntary dismissals, provides in part :
“ * * * [A]n action may be dismissed by plaintiff without order of court (i) by serving * * * a notice of dismissal at any time before a hearing on motion for summary judgment * * * ”
Appellant, sub judice, exercised its absolute right under the rule giving a plaintiff full control of the litigation up to the hearing on a summary judgment to have the cause voluntarily dismissed. Meyer v. Contemporary Broadcasting Company, Fla.App. 1968, 207 So.2d 325.
Two other facets of this case deserving comment are (1) appellant did not file an amended complaint within the time permitted by the trial judge, and (2) when the amended complaint was filed it did not name Sun & Surf as a defendant.
Any provocative issues arising as a result of these events, appear to be resolved by Hibbard v. State Road Department of Florida, Fla.1969, 225 So.2d 901, wherein our Supreme Court quashed an opinion of the Second District Court which held that a trial judge had not abused his discretion in dismissing a cause with prejudice where the plaintiff had failed to file an amended complaint within the allotted time but, instead, had filed a voluntary dismissal. In its opinion the Supreme Court states:
“The decision of the District Court conflicts with Hancock v. Piper, 186 So.2d 489 (Fla.1966). In Hancock, this Court held that an order dismissing a cause for failure to state a cause of action and granting leave to amend was an interlocutory order, not a final decree, and that the Court still had control of the litigation. Since the order was merely interlocutory so that the trial court still had control of the litigation, this Court concluded that plaintiff’s filing of an amended complaint beyond the time limit allowed in the dismissal order was proper until a formal final judgment was entered by the court on motion.
“Petitioner contends that a plaintiff has a right to voluntarily dismiss an action pursuant to Rule 1.420(a), Florida Rules of Civil Procedure, 30 F.S.A., after the court has dismissed the complaint with leave to amend, if no further order has been entered by the Court prior to the service of the notice of dismissal.
“We agree. The order of the trial court dismissing the complaint with leave to amend was interlocutory in nature and did not cut off plaintiff’s, petitioner’s, right to file a voluntary dismissal.”
Thus, in our case appellant had not only chosen to eliminate Sun & Surf as a defendant in the amended complaint but also had elected to take a voluntary dismissal as to Sun & Surf prior to the hearing on the motion for summary judgment. Therefore, Sun & Surf was effectively removed from the case and entry of summary final judgment was in error.
Appellee relies upon West Plumbing and Heating Company v. Hurley, Fla.App.1964, 168 So.2d 328, however, we find that case inapplicable and distinguishable for two reasons: The lien claimant neither filed a voluntary dismissal as to the landowner nor otherwise excluded him from the suit prior to entry of summary judgment.
We have reviewed the remaining assignment of error by the appellant, as well as the cross-assignment by appellee, and find them to be without merit.
*639 Accordingly, the summary final judgment appealed from herein is reversed and this cause is remanded for proceedings consistent herewith.
Reversed and remanded.
WALDEN, J., concurs.
ADAMS, ALTO (Ret.), Associate Judge, dissents, without opinion.