REED, Chief Judge.
The plaintiffs filed an amended complaint in this case on 24 July 1970. A motion to dismiss was filed by the defendants. On 17 February 1972 the motion to dismiss was granted and a final judgment was entered by the trial court dismissing the complaint with prejudice. Thereafter, the plaintiffs filed a timely motion for rehearing pursuant to Rule 1.530, RCP, 31 F.S.A. On 18 April 1972 the trial court entered an order on the motion. The order provided:
“ . . . that the Order and Final Judgment of the Court entered on February 17, 1972, be and the same is hereby vacated and set aside, and Plaintiffs shall have thirty (30) days from the date hereof in which to file an Amended Complaint, failing which Final Judgment will be entered in favor of Defendants.”
Thereafter but within the 30-day period, the plaintiffs filed and served a notice of voluntary dismissal pursuant to Rule 1.420 (a)(1), RCP, 30 F.S.A. On 9 June 1972, the trial court entered a final judgment against plaintiffs on the ground that plaintiffs failed to file within the 30-day period a further amended complaint. The appeal is from that judgment.
We hold that the final judgment of June 9, 1972 was improperly entered. The order on the motion for rehearing in effect converted the “final judgment” of 17 February *11 1972 into an order dismissing the amended complaint with 30 days leave to file a second amended complaint. The order on the motion for rehearing, therefore, put the case in the same procedural posture as that considered by the Florida Supreme Court in Hibbard v. State Road Department of Florida, Fla.1969, 225 So.2d 901. There the Florida Supreme Court held that after an order of the trial court had been entered dismissing an amended complaint with leave to file another amended complaint, the plaintiff was entitled, within the time allowed for amending the complaint, to voluntarily dismiss the action by filing and serving a notice of dismissal pursuant to the Rule 1.420(a), RCP. In our opinion, the same result should follow in the present case.
For the foregoing reasons, the final judgment from which this appeal has been taken is vacated and the cause remanded.
CROSS and OWEN, JJ., concur.