On Motion to Dismiss

RAWLS, Chief Judge.
Once again this Court is confronted with the primary question of when is an order rendered for the purpose of computing the time for taking an appeal and, secondly, what magic language must be recited in a trial court’s order to render same final?
On September 10, 1974, the trial court entered its order (which was “rendered” on that date) dismissing plaintiff’s (appel *781 lant’s) complaint with leave to file an amended complaint within 20 days. The order further provided: “If Plaintiff does not file an amended complaint within twenty (20) days from date hereof Plaintiff’s complaint shall stand dismissed with prejudice.” Plaintiff did not amend but treated the subject order as becoming final on September 30, 1974, and filed her notice of appeal on October 22, 1974. Appellee (defendant) now moves to dismiss the appeal on the ground that this Court lacks jurisdiction because the order from which the appeal is taken was rendered September 10, 1974, thus the notice of appeal is untimely, it having been filed October 22, 1974.
The appellate decisions on this subject are submerged in a quagmire of semantics. Obviously, the trial court intended to offer plaintiff two courses of action, i. e., 1) to amend her complaint within 20 days, or 2) suffer a final dismissal of the cause upon the expiration of the 20 days and either “go hence without day” or appeal. Logic and reason support such an order; however, as hereinafter delineated, such a result is not gleaned from the decisional law upon the subject.
Hancock v. Piper, 186 So.2d 489 (Fla.1966), controls. There, plaintiffs’ amended complaint was dismissed by the trial court with leave to amend within twenty days. An amended complaint was filed after expiration of the twenty days. The Supreme Court in its opinion observed:
“The District Court of Appeal held that the order is not a final decree, thereby continuing the litigation, and we agree. Such would amount to a holding the cause may be finally dismissed but with a reservation that if an amendment is timely filed the cause will be reinstated. This would leave to the plaintiffs the right to determine the character of the decree, in that, if he fails to amend the order it becomes a final judgment, but if he timely files an amended bill of complaint the original order of dismissal amounts merely to an interlocutory ruling.

“Judged by this standard the order sub judice was not a final order, and a formal judgment after the termination of the twenty-day period was required to make it so.”
The author of this opinion agrees with the philosophy expressed by Justice O’Connell in his special concurrence and dissenting opinion in Hancock, supra. However, this Court is bound by the majority opinion in Hancock.
The judicial cry of this era is spotlighted upon the heavy workload that is taxing the capability of the system; however, lawyers and judges are mandated to expend their time and effort upon ritualistic acts such as is here dictated.
The order sought to be reviewed is an interlocutory order entered in an action formerly cognizable in law. Therefore, an interlocutory appeal does-not lie, (Florida Appellate Rule 4.2). An appeal is only available from a final judgment which has not been rendered in this cause. Thus, the appeal is hereby
Dismissed.
McCORD, J., concurs.
BOYER, J., specially concurs.