PER CURIAM.
Appellant and counterclaimant seeks reversal of an order dismissing his counterclaim with prejudice.
The undisputed facts are as follows: Ap-pellee, Grace Klein, filed a statement of claim in the county court against the appellant, David Cerf, for money due for court reporting services rendered at his request. Cerf filed a counterclaim seeking damages in excess of $2,500 for invasion of privacy resulting in a transfer of the entire action to the circuit court. Klein moved to dismiss Cerf’s counterclaim for failure to state a cause of action. On May 17, 1976 the trial court dismissed the counterclaim and granted Cerf 10 days to file an amended counterclaim. On May 25 Cerf filed a motion for rehearing as to the May 17 order of dismissal and for extension of time within which to file an amended counterclaim. On May 27 Klein filed a motion for remand to the county court for the reason that Cerf had not filed an amended counterclaim within 10 days of the order of May 17. Cerf’s motion of May 25 and Klein’s motion of May 27 were heard by the trial judge who, at the conclusion of the hearing, announced that he was granting Klein’s motion for remand and denying Cerf’s motion for rehearing and for extension of time. On June 18 Cerf filed his voluntary notice of dismissal of his counterclaim. On June 22 the trial judge entered a written order denying Cerf’s motion for rehearing and for extension of time, remanding the cause to the county court and further dismissing Cerf’s counterclaim with prejudice. Cerf appeals that portion of the June 22 order dismissing his counterclaim with prejudice.
The principle of law established in Hibbard v. State Road Department of Florida, 225 So.2d 901 (Fla.1969) is that a claimant has a right to voluntarily dismiss an action pursuant to Fla.R.Civ.P. 1.420(a) after the court has dismissed the complaint with leave to amend if no further order has been entered by the court prior to the service of the notice of dismissal.
The record reflects that at the conclusion of the hearing of June 18 (just prior to Cerf’s filing his notice of voluntary dismissal), the trial judge announced he was granting Klein’s motion to remand the cause to the county court and denying Cerf’s motion for rehearing directed to the court’s order of May 17 and for extension of time. However, the judge made no announcement to the effect that he was dismissing Cerf’s counterclaim with prejudice. It was not until after Cerf filed his notice of voluntary dismissal that the June 22 order herein appealed was entered.
*670 Reviewing these facts in light of the above controlling principle of law, we conclude the trial judge erred in entering that .portion of the June 22 order dismissing Cerf’s counterclaim with prejudice. We reverse that provision of the June 22 order and remand the cause to the circuit court for further proceedings.
Reversed and remanded.