358 So.2d 592 (1978)
William David EPLEY and Pauline Epley, Husband and Wife, Appellants,
v.
WASHINGTON COUNTY, a Political Subdivision of the State of Florida, and State of Florida Department of Transportation, Appellees.
No. GG-164.
District Court of Appeal of Florida, First District.
May 12, 1978.
W. Paul Thompson of Thompson, Adkinson & Beasley, Defuniak Springs, for appellants.
Gerald Holley, Chipley and Ronald W. Brooks, Tallahassee, for appellees.
BOYER, Judge.
Appellants Epley filed a complaint in the Circuit Court of Washington County naming Washington County and the Department of Transportation as parties defendant, *593 alleging that certain culverts had been improperly maintained and that as a direct and proximate result of the negligent maintenance by the defendants water was caused to back up onto Epleys' property and damage their home located thereon. The Department of Transportation filed a motion to dismiss asserting sovereign immunity and the failure to allege the existence of a duty owed by the Department of Transportation to Epley. Washington County filed a motion to dismiss on the ground that the complaint failed to allege compliance with Florida Statute 768.28(6) which provides in material part that:
"An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the department of insurance, within three years after such claim accrues and the department of insurance or the appropriate agency denies the claim in writing..."
On July 13, 1976 the Circuit Judge entered an order reciting that the case had come on to be heard on the motions of both defendants "and it appearing that the complaint is one sounding in tort and has failed to allege compliance with the provisions of Florida Statute 768.28(6), it is, thereupon, ordered and adjudged that said complaint filed herein be, and the same is, hereby dismissed with leave, however, to amend within twenty days from July 13, 1976."
The Epleys apparently thereupon undertook to comply with F.S. 768.28(6) but filed no amended complaint. Instead, their attorney filed a notice of hearing on March 25, 1977, calling up for hearing on April 26, 1977, the motions to dismiss which had been filed by the two defendants, apparently intending to adduce at said hearing evidence of compliance with the above mentioned statute.
On April 29, 1977 the trial judge entered the order here appealed, reciting as follows:
"THIS MATTER first came before the Court on July 13, 1976, on motions to dismiss the Plaintiffs' Complaint, filed by the Defendants, State of Florida Department of Transportation and Washington County, a subdivision of the State of Florida. After having heard the arguments of counsel, and being duly advised in the premises, this Court found the Plaintiffs had failed to allege compliance with the provisions of Florida Statutes 768.28(6), and entered an Order dismissing the Complaint, but granting Plaintiffs leave to amend within twenty days from July 13, 1976.
"The Defendants' motions to dismiss (which were directed to the original Complaint) were again called up by Plaintiffs for hearing on April 26, 1977. The matter came on for hearing as set, and Defendants moved to dismiss or quash the notice of hearing, urging that the matter was no longer before the Court and that Plaintiffs' action was barred by their failure to file a timely appeal from the Order of July 13, 1977, or to file an Amended Complaint within twenty days in compliance with such Order. Plaintiffs took the position that although no Amended Complaint had been filed, the requirements of Florida Statutes 768.28(6) had been met by filing written notice of claim with the Florida Department of Transportation, in August of 1976.
"Having considered the Court file, as well as the respective arguments of counsel, the Court is duly advised in the premises and finds as follows:
"1. On July 13, 1976, the Court entered an Order dismissing Plaintiffs' Complaint, with leave to amend within twenty days.
"2. As of April 26, 1977, Plaintiffs had failed to submit an Amended Complaint in accordance with the provisions of the above-referenced Order.
"3. Rule 3.2(b) of the Florida Appellate Rules requires that appeals from:
`... final decisions, orders, judgments or decrees shall be commenced within 30 days of the final decision, order, judgment or decree appealed *594 from, unless some shorter period of time is specifically provided by these rules.'
"4. This Court's Order dismissing the Complaint on July 13, 1977, constituted an appealable final judgment, Snyder v. Gulf American Corporation, 224 So.2d 405, 406 (2nd D.C.A. 1969), from which no appeal was taken.
"IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:
"By virtue of Plaintiffs' failure to appeal this Court's Order dismissing their Complaint, or to file an amendment in accordance with the provisions of such Order, said dismissal became final upon expiration of the applicable time periods and the matter is no longer before the Court. Plaintiffs' notice bringing this matter on for hearing be and the same is hereby quashed."
The issue to be resolved is whether nor not an order dismissing a complaint with right to amend during a specific period constitutes a final appealable order at the expiration of that period if no amendment is timely filed. Snyder v. Gulf American Corporation, cited and relied upon by the trial judge, is not applicable. In that case the trial judge, on motion to dismiss, dismissed a second amended complaint with prejudice. No amendment was allowed nor was one filed. The plaintiff filed a motion for rehearing within ten days from the date of the order. The issue in that case, as stated by the court, was whether a motion for rehearing of an order dismissing a complaint with prejudice tolls the time for filing a notice of appeal. The court held that the dismissal of a complaint with prejudice was a final appealable order and that a motion for rehearing filed within ten days thereafter tolled the time for appeal. As already recited, the order of dismissal sub judice was not with prejudice, but with privilege to amend. In that regard it is similar to the factual situation which existed in Hancock v. Piper, 186 So.2d 489 (Fla. 1966), which we find to be controlling.
In the Hancock case the complaint was dismissed with leave to amend within twenty days. No amendment was filed within that period of time. When the amended complaint was finally filed the defendants moved to dismiss for lack of jurisdiction, the twenty days having elapsed. Upon that motion being denied they took an interlocutory appeal to the District Court which affirmed. Conflict certiorari was granted by the Supreme Court. In a well reasoned opinion that court held:
"* * * that an order dismissing a cause but granting additional time in which to file an amended complaint is nothing more than an interlocutory order and that the court still has control of the litigation.
"Judged by this standard the order sub judice was not a final order, and a formal judgment after the termination of the twenty-day period was required to make it so." (186 So.2d at page 490)
Applying the above quoted holding to the facts sub judice, the order dismissing the complaint but granting additional time in which to file an amended complaint was nothing more than an interlocutory order and the court still had control of the litigation. The learned trial judge therefore erred in holding that the "said dismissal became final upon expiration of the applicable time periods and the matter is no longer before the court" and in quashing the notice of hearing.
The propriety of abating an action after complaint is filed while complying with F.S. 768.28(6), or proving compliance by evidence rather than pleading, are not issues which were raised by the parties, therefore they are not addressed by us.
Reversed and remanded for further proceedings not inconsistent herewith.
McCORD, C.J., and MELVIN, J., concur.