DOWNEY, Chief Judge.
Appellant sued appellee to recover a sum of money allegedly owed to appellant for labor and materials furnished by appellant for construction of a public building in Ft. Lauderdale, Florida. Appellee is the surety on a performance bond furnished pursuant to Section 255.05, Florida Statutes (1975). The trial court sustained a motion to dismiss appellant’s complaint and granted appellant 20 days to amend. Instead of amending said complaint appellant filed a new suit alleging virtually the same cause of action but adding therein a new date for services rendered by appellant as “the last stage of work to complete the project.” Apparently this new allegation in the new suit made the claim timely by bringing it within the one year limitation of Section 255.05(2), Florida Statutes (1975). Appellee attacked the complaint in this case (the new suit) by motion to dismiss and motion to strike.
Appellant took a voluntary dismissal of the first suit.[1] Thereafter, the trial court held an evidentiary hearing in this case (the second suit) and then entered an order dismissing the complaint with prejudice. It is that order which we now review.
We conclude that, since no final judgment had been entered in the first suit, appellant was entitled to take a voluntary dismissal of that suit. Hibbard v. State Road Dept. of Florida, 225 So.2d 901 (Fla.1969); Gate City, Incorporated v. Arnold Construction Company, 243 So.2d 637 (Fla. 4th DCA 1971). Thus, the trial court had for consideration a complaint in the new suit which alleged the appellant had performed labor and service and furnished materials on a public job for which appellee furnished a performance bond. The allegations of the complaint make it appear the suit was timely filed and in all other respects the complaint appears to state a cause of action. Therefore, the motion to dismiss and motion to strike should have been denied and appellee should have been required to answer. Instead, the trial court held an evidentiary hearing during which inquiry was directed toward the question of whether appellee had concealed' from appellant the fact that appellee had furnished a performance bond on the job.
It appears to us the trial court was premature in holding the evidentiary hearing. The pleadings were not yet settled and regardless of what had transpired in the past vis-a-vis the first suit which was voluntarily dismissed, the only question before the court was the sufficiency of the complaint in this new suit. Perhaps on motion for summary judgment proof could be adduced to demonstrate there is no genuine issue of material fact involved and that appellee is entitled to judgment as a matter of law. However, this case has not yet arrived at that juncture.
Accordingly, the judgment appealed from is reversed and the cause is remanded with instructions to reinstate the complaint and for further proceedings.
REVERSED AND REMANDED with directions.
ANSTEAD, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.

. No final judgment had been entered in that suit.