383 So.2d 254 (1980)
AMBASSADOR INSURANCE COMPANY, a Foreign Corporation, Petitioner,
v.
HIGHLANDS GENERAL HOSPITAL et al., Respondents.
No. 79-2317.
District Court of Appeal of Florida, Second District.
April 16, 1980.
Rehearing Denied May 13, 1980.
*255 Victor H. Womack of Lanza, Sevier & Womack, P.A., Coral Gables, for petitioner.
Charles H. Livingston of Livingston, Patterson & Strickland, P.A., Sarasota, for respondents.
GRIMES, Chief Judge.
In this petition for certiorari and prohibition Ambassador Insurance Company attacks the trial court's entry of an order striking its notice of voluntary dismissal.
Ambassador, a foreign corporation, sued to recover premiums on an insurance policy issued to the Highlands General Hospital. The hospital moved to dismiss on the ground that Ambassador was doing business in Florida but had not registered with the Department of State. On September 12, 1977, the court entered an order dismissing the complaint on this ground pursuant to Section 607.354, Florida Statutes (1977), but granted Ambassador sixty days within which to qualify with the Department of State as a foreign corporation authorized to transact business within the state. The court entered a supplemental order on September 21, 1977, which made clear that its prior dismissal was without prejudice. No further action was taken in the case until October 26, 1979, when Ambassador filed a notice of voluntary dismissal without prejudice. Thereafter, upon motion to strike filed by the hospital, the court entered an order striking the voluntary dismissal.
Ambassador contends that the court had no authority to strike the voluntary dismissal. Ambassador's concern over the adverse effect of this order has to do with a case involving the same issue presently pending before the Fifth Circuit Court of Appeals in which the hospital is apparently arguing that the federal courts are bound by the dismissal of Ambassador's state court action.
While there are no decisions precisely on point, the case of Gate City, Inc. v. Arnold Construction Co., 243 So.2d 637 (Fla.4th DCA 1971), is analogous. There, the court had dismissed the complaint with leave to amend within a stated time. When the plaintiff did not file an amended complaint prior to the expiration of the time, one of the two defendants moved for summary judgment. Plaintiff then filed an amended complaint without naming this particular defendant but still praying for a lien on its land. A few minutes prior to the hearing on the motion for summary judgment the plaintiff filed a notice of voluntary dismissal as to that defendant. Nevertheless, the court went on to grant summary judgment in the defendant's favor. On appeal our sister court reversed, reasoning that because the order of dismissal granted leave to amend, it was an interlocutory order. Therefore, the plaintiff could still file a voluntary dismissal. See also Hancock v. Piper, 186 So.2d 489 (Fla. 1966).
The order of dismissal which granted Ambassador sixty days to qualify with the Department of State was clearly an interlocutory *256 order. Even though Ambassador made no showing that it had ever taken the steps necessary to qualify, the court never entered an order of final dismissal. Consequently, the case remained pending, and Ambassador had the absolute right to file a voluntary dismissal. Fears v. Lunsford, 314 So.2d 578 (Fla. 1975).
The court's order striking the notice of voluntary dismissal constituted an act in excess of its jurisdiction and a departure from the essential requirements of law. Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, Inc., 371 So.2d 492 (Fla.4th DCA 1979). Accordingly, we grant the petition for a writ of certiorari and quash the order.
HOBSON and CAMPBELL, JJ., concur.