BASKIN, Judge.
Charles Kulp, one of the defendants below, appeals from two orders, one striking portions of the third amended complaint filed by General Sheet Metal & Roofing, Inc., the other changing a prior order of dismissal with prejudice to a dismissal without prejudice. Pursuant to Rule 9.040(c), Florida Rules of Appellate Procedure, we treat these consolidated appeals as petitions for writs of certiorari. Because we hold that the trial court acted in accordance with the essential requirements of the law, we decline to issue the writs.
On August 3,1979, the trial court entered an order dismissing the second amended complaint filed by General Sheet Metal. The order of dismissal granted leave to file a third amended complaint in twenty days; if no amended pleading was filed within the allotted time, the action would stand dismissed with prejudice.
An amended complaint was filed, but not until September 11,1979, several days after the twenty days had elapsed. Kulp responded with a motion to strike the third amended complaint on the ground that the action had already been dismissed with prejudice. The trial court, however, entered an order striking only portions of the third amended complaint. Sometime later, the trial court entered the second order appealed. That order modified the August 3rd order of dismissal to reflect that the dismissal was without prejudice.
The order of August 3, 1977, which dismissed the cause but granted leave to amend, was nothing more than an interlocutory order that did not divest the trial court of its jurisdiction. Hancock v. Piper, 186 So.2d 489 (Fla.1966); Epley v. Washington County, 358 So.2d 592 (Fla. 1st DCA 1978); Brandal v. State Farm Mutual Automobile Insurance Co., 310 So.2d 780 (Fla. 1st DCA 1975). Because the order of dismissal was not final, the trial court maintained discretion to entertain the belatedly filed third amended complaint. The record discloses no error in the trial court’s decision to strike only a portion of the third amended complaint.
Upon Kulp’s motion for rehearing of his motion to strike, the trial court entered an order changing the dismissal with prejudice to a dismissal without prejudice. Kulp contends that this action by the trial court was error because the modification was not made within the ten day post-judgment period for motions, nor'was it made in accordance with Rule 1.540, Florida Rules of Civil Procedure, which permits the trial court to correct clerical mistakes or other errors arising from oversight or omission. Neither argument has any merit because a final order or judgment had not been entered. The amended order of dismissal merely reflects the intended nature of the order of August 3, 1977, and is itself non-final.
For these reasons, the petitions for writs of certiorari are denied.