ON MOTION TO DISMISS APPEAL
PER CURIAM.
We grant appellee’s motion to dismiss the appeal, but write this opinion to explain to appellant, who is pro se, why we do so.
Appellant had filed suit against the hotel in Broward County circuit court, and had amended it once. The trial judge dismissed it again, but without prejudice to another amendment. Instead of amending the complaint, appellant merely filed a new complaint consisting of exactly the same allegations. The second judge, after being made aware that appellant’s complaint was pending before another judge, dismissed the second complaint with prejudice. This appeal was brought from the second judge’s dismissal.
The trial judge has jurisdiction over the case until a final order has been entered in it. Epley v. Washington County, 358 So.2d 592 (Fla. 1st DCA 1978). An order dismissing without prejudice is not a final order that would remove the original judge’s jurisdiction. E.g., New River Yachting Center v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981). It would have been proper for appellant to amend his original complaint again, as the original trial judge permitted.
HERSEY, GLICKSTEIN and BARRETT, JJ., concur.