NIMMONS, Judge.
In June, 1984, Willie Settle, a prisoner in the State’s correction system, filed a complaint seeking damages for personal injuries allegedly sustained when he was struck by a metal awning. Pursuant to inquiries by Settle regarding the status of his case, Settle received, in September 1984, a letter from the Clerk of the Circuit Court stating that “the summons (sic) have been forwarded to the respective parties and we are expecting return from them any day now.”
On March 26,1985, having heard nothing further from the Clerk’s office regarding the issuance of summonses, Settle notified the Clerk that he would file a mandamus proceeding if the Clerk continued to fail to act.
On April 16, 1985, Settle filed in this Court a petition for writ of mandamus (Case No. BG-75). On April 25, 1986, this Court entered an order directing the respondent/ Clerk to show cause why the mandamus petition should not be granted.
On May 9, 1985, the Circuit Court, sua sponte, entered an order dismissing Settle’s complaint for failure to state a cause of action. That order, which is the subject of the instant proceeding, is reproduced as follows:
*1368 ORDER GRANTING LEAVE FOR PLAINTIFF TO PROCEED IN FORMA PAUPERIS AND ORDER DISMISSING THE COMPLAINT
The above-entitled cause having been handed to the undersigned judge subsequent to a Petition for Writ of Mandamus filed April 16, 1985, and the Court having examined the file herein finds as follows:
1. The Plaintiff is insolvent.
2. He filed a Complaint against the above-named Defendants in June of 1984 with copies to be served with Summons upon the Defendants.
3. There is not any record that the deputy clerk, who is no longer employed by the Clerk of the Court in and for Union County, caused Summons to be issued except copy of a letter dated September 24, 1984 to the Plaintiff stating, “The summons have been forwarded to the respective parties and we are expecting return from them any day now.”
The Court has carefully considered the Complaint and finds that it fails to allege ultimate facts that would state a cause of action against the Defendants or either of them, in a personal or official capacity, and the cause should be dismissed without prejudice.
IT IS ACCORDINGLY,
ORDERED AND ADJUDGED, sua sponte, as follows:
1. The Plaintiff has leave of Court to proceed in Forma Pauperis.
2. The Complaint is dismissed with leave for the Plaintiff to file an amended complaint within thirty (30) days from date hereof.
Subsequently, this Court entered an order in the mandamus proceeding (BG-75) dismissing such proceeding on the grounds that it appeared that the issues raised by the petition for writ of mandamus were moot as a result of the Circuit Court’s May 9 order dismissing Settle’s complaint.
Settle filed a notice of appeal from the May 9 order of the Circuit Court dismissing the complaint.
Although the subject order is non-final and nonappealable, Epley v. Washington County, 358 So.2d 592 (Fla. 1st DCA 1978), for the reasons hereinafter stated we have elected to treat this appeal as a petition for writ of certiorari.
The trial court’s sua sponte dismissal of Settle’s complaint on the grounds of failure to state a cause of action prior to service of process on the defendants and without notice to Settle is a patent departure from the essential requirements of the law. Clearly, the defense of failure to state a cause of action is one which may be waived if not raised and the Florida Rules of Civil Procedure do not authorize the kind of dismissal order entered by the trial court in the instant case. Compare Dodd v. Spokane County, 393 F.2d 330 (9th Cir.1968) (holding that under Federal Rules of Civil Procedure trial court cannot dismiss on its own motion without notice to plaintiff).[1]
Ordinarily, we would adhere to the rule that appellate court review of an order dismissing a complaint with leave to amend must await the entry of a judgment entered against the plaintiff after the latter’s failure or refusal to file an amended complaint in which case the plaintiff would clearly have the right of direct appeal of such judgment. See Epley v. Washington County, supra. However, given the egregiousness of the erroneous obstacles which Settle has already encountered in attempting to prosecute his suit, we do not believe, in the circumstances of this case, he should first have to request the Circuit Court to enter final judgment against himself. In short, we do not believe it can fairly be said that Settle can adequately vindicate his rights, vis-a-vis the trial court’s patently erroneous order, through the avenue of direct appeal.
*1369 Accordingly, we grant certiorari and quash the trial court’s order of dismissal.[2]
JOANOS and THOMPSON, JJ., concur.

. We do not here address the question of whether a court may dismiss a complaint on its own motion after notice to plaintiff and hearing thereon.

. We trust that the trial court will see to it, without the necessity of mandamus intervention, that the Clerk of the Circuit Court will, without further delay, issue the initial process pursuant to Fla.R.Civ.P. 1.070.