Robert H. WIGGINS,
Plaintiff–Appellant,

v.

Michael R. PIPKIN, R. Michael Pipkin, NCNB National Bank,
Defendants–Appellees.

No. 87–5440
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1988.

Elena Moure, Miami, Fla., for plaintiff-appellant.

Zuckerman, Spaeder, Taylor & Evans, Ronald B. Ravikoff, Humberto J. Pena, Coral Gables, Fla., for M. Pipkin and R.M. Pipkin.

Before HILL, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant, Robert Wiggins, filed a complaint in the Circuit Court for Dade County, Florida, alleging a breach of contract in the disbursement of joint attorneys' fees. The appellees, R. Michael Pipkin and R. Michael Pipkin, P.A., moved to dismiss the suit for lack of jurisdiction under Florida's long-arm statute. On August 11, 1986 the Circuit Court entered an order dismissing the complaint for failure to show that the defendants had sufficient minimum contacts with the state of Florida to sustain personal jurisdiction. Wiggins then filed a timely motion for reconsideration of the order of dismissal, but before the court ruled on the motion Wiggins filed a voluntary dismissal.

On October 2, 1986 Wiggins filed a similar complaint in the United States District Court for the Southern District of Florida. The district court dismissed the complaint, finding that the issue of minimum contacts and jurisdiction under the Florida long-arm statute had been litigated and resolved in the state court action and that the dismissal in state court barred relitigation of the issue by Wiggins in federal court. The district court rejected Wiggins' contention that the voluntary dismissal, which he filed after the order of dismissal, deprived the state court judgment of *res judicata* effect. We affirm the judgment of the district court.

Under Florida law, a plaintiff has a broad right to voluntarily dismiss an action without an order of the court provided that the plaintiff files a timely notice of voluntary dismissal. Fla.R.Civ.P. 1.420(a)(1). Moreover, when a voluntary dismissal is properly taken, any previous interlocutory orders of the court have no *res judicata* effect. *Ambassador Ins. Co. v. Stiles*, 628 F.2d 373, 376 (5th Cir.1980). Once a final judgment is entered, however, the right to take a voluntary dismissal is extinguished. *See Heinz Paving & Asphalt Co., Inc. v. United States Fidelity and Guar. Co.*, 360 So.2d 29, 30 (Fla.App.1978) ("[S]ince no final judgment had been entered in the first suit, appellant was entitled to take a voluntary dismissal of that suit."). A final judgment must, of course, be distinguished from an interlocutory order, which does not terminate the right to take a voluntary dismissal. *See Hibbard v. State Road Dep't*, 225 So.2d 901, 902 (Fla.1969) ("The order of the trial court dismissing the complaint with leave to amend was interlocutory in nature and did not cut off plaintiff's, petitioner's, right to file a voluntary dismissal."); *Ambassador Ins. Co. v. Highlands Gen. Hosp.*, 383 So.2d 254, 255–56 (Fla.App.1980) (order of dismissal granting plaintiff 60 days to comply with state's "doing business" requirement was interlocutory rather than final order and the plaintiff was entitled to file a voluntary dismissal).

The order dismissing Wiggins' state court complaint was an unambiguous final judgment. The order did not provide Wiggins with an opportunity to amend his complaint or to attempt to make a further showing of minimum contacts. The fact that Wiggins filed a motion for reconsideration did not render the order interlocutory. If, in fact, the court had acted on the motion for reconsideration, it might have vacated the previous judgment, *see, e.g., City of Sunrise v. Florida State Bd. of Pub. Instruction*, 273 So.2d 10, 10–11 (Fla. App.1973), but that was not done here. Thus, the final order of dismissal remained unaffected.

The judgment of dismissal for lack of jurisdiction entered by the Circuit Court for Dade County was a final judgment which bars relitigation of the jurisdictional issue. Therefore, the district court properly dismissed the present complaint based upon principles of *res judicata*. The judgment of the district court is

AFFIRMED.