OPINION ON REHEARING
PER CURIAM.
We grant the motion for rehearing, withdraw our previous opinion, and substitute the following:
*459 Plaintiff Milford Levine appeals dismissal of the breach of contract count of his second amended complaint against Mona Forrest, Kay Sawyer, United Mortgage Company, and Austin Agency, Inc. We reverse as to Sawyer and dismiss the appeal as to the rest of the appellees for want of jurisdiction.
The trial court dismissed count one (the breach of contract count) with leave to amend as to defendant United. The order is therefore a non-final, nonappealable order with respect to that defendant. See Hancock v. Piper, 186 So.2d 489 (Fla.1966); Morgan v. Blancher, 489 So.2d 1217, 1218 (Fla. 2d DCA 1986); Braddon v. Doran Jason Co., 453 So.2d 66 (Fla. 3d DCA 1983); Bishop v. Kelly, 404 So.2d 1149 (Fla. 5th DCA 1981).
Plaintiff next contends that the order dismissing count one with prejudice as to defendants Austin and Forrest constitutes a partial final judgment within the meaning of Rule 9.110(k), Florida Rules of Appellate Procedure, and Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). We disagree. Count one alleges that there was a contract between the parties with respect to plaintiffs employment by the defendants, or some of them. Count two claims that the defendants (other than Sawyer) defamed the plaintiff in the course of discharging him from that same employment. Count two alleges that Forrest was acting on behalf of the defendant corporations in the course of discharging the plaintiff, and the defamation count incorporates by reference portions of the count for breach of contract. The claims are plainly interdependent. That being so, the dismissal with prejudice of count one as to defendants Forrest and Austin is a non-final, nonap-pealable order. See Mendez, 303 So.2d at 5. See generally Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla.1990); Stein v. Hospital Corp. of America, 481 So.2d 1264, 1265 (Fla. 4th DCA 1986); Bay & Gulf Laundry Equipment Co. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985).
With regard to defendant Sawyer, we treat the appeal as timely. See Bass v. Jones, 511 So.2d 441 (Fla. 1st DCA 1987) (on motion to dismiss appeal). On the merits, we conclude that the action should not have been dismissed with respect to defendant Sawyer. Plaintiff alleges an oral agreement with defendants which is partially memorialized by a writing. The writing is susceptible of the interpretation that at least one of the terms—distribution of a share of the proceeds in the event of sale of the business—would necessarily have to be accomplished by the individual defendants if the sale were structured so that the proceeds passed to the individual, rather than corporate, defendants. The second amended complaint sets forth a cause of action for breach of contract, the existence and extent of which must be resolved as a matter of proof, rather than pleading. The second amended complaint should not have been dismissed with prejudice as to Sawyer.*
Reversed as to Sawyer; appeal dismissed as to Forrest, United Mortgage Company, and Austin Agency, Inc.
HUBBART and COPE, JJ., concur.

 Since the only claim against Sawyer was that contained in count one of the second amended complaint, the trial court’s ruling disposed of the action as to Sawyer and was a final appeal-able order as to her.