# Third District Court of Appeal

## State of Florida

Opinion filed April 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1425
Lower Tribunal No. 19-16604
_____

**Jose Mejia,**
Appellant,

vs.

**Scott Egleston,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Jose Mejia, in proper person.

No appearance for appellee.

Before EMAS, C.J., and HENDON and LOBREE, JJ.

EMAS, C.J.

Jose Mejia, proceeding pro se in the trial court and on appeal, appeals the trial court's order dismissing his second amended complaint with prejudice. We affirm in part, reverse in part, and remand for further proceedings.

Mejia's second amended complaint sets forth eight counts: Civil Theft (Count 1); Conversion (Count 2); Intentional Infliction of Emotional Distress (Count 3); Unjust Enrichment (Count 4); Breach of Fiduciary Duty (Count 5); Negligence (Count 6); Breach of Contract (Count 7); and Negligent Infliction of Emotional Distress (Count 8).

The trial court twice granted Mejia leave to amend his complaint. After Mejia filed his second amended complaint, Egleston moved to dismiss. The trial court granted dismissal without prejudice, permitting Mejia fifteen days to file a third amended complaint. However, Mejia did not file a third amended complaint, but instead appealed the order of dismissal without prejudice to this court (Mejia v. Egleston, 3D20-661). We dismissed that appeal as one taken from a nonfinal, nonappealable order. See Hancock v. Piper, 186 So. 2d 489 (Fla. 1966) (explaining: an order which dismisses a complaint for failure to state a cause of action, but which grants leave to amend, is interlocutory and not a final, appealable order); Levine v. Forrest, 578 So. 2d 458 (Fla. 3d DCA 1991); Kulp v. Gen. Sheet Metal & Roofing,

2

<u>Inc.</u>, 386 So. 2d 1291 (Fla. 3d DCA 1980). Following remand, Mejia again chose not to amend his second amended complaint, instead moving for entry of a final order of dismissal with prejudice.[1] The trial court granted the motion, entered final judgment for Egleston, and this appeal followed.

We review the trial court's dismissal order de novo and, like the trial court, we are limited to the four corners of the complaint and its attachments, accepting all well-pled allegations as true, and drawing all reasonable inferences in a light most favorable to the plaintiff. <u>Chakra 5, Inc. v. City of Miami Beach</u>, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018) (holding: "We are bound by the same restrictions the trial court faced when it ruled on the motion to dismiss, and we therefore treat as true all of the well-pled allegations of the complaint, including its incorporated attachments, and look

---

[1] It is well-established that a party who neither requests leave to amend the complaint, nor seeks such relief on rehearing following entry of a dismissal order, cannot raise such an issue for the first time on appeal. <u>Wadley v. Nazelli</u>, 23 So. 3d 1118 (Fla. 3d DCA 2017). In the instant case, the trial court's order dismissed without prejudice (granting leave to amend), which Mejia then sought to convert into a dismissal with prejudice. By affirmatively seeking to convert the nonfinal order of dismissal with leave to amend into a final dismissal with prejudice, Mejia waived any right to raise, on appeal, a claim that he should be given a further opportunity to amend. <u>See</u> <u>Alters v. H.W. Henderson Const. Co.</u>, 489 So. 2d 840, 841 (Fla. 1st DCA 1986) (noting: "Appellants' counsel foreclosed his opportunity to further amend this complaint by requesting a dismissal with prejudice, if the court dismissed the complaint.")

3

no further than the complaint and its attachments") (quotation omitted);[2] Blue Supply Corp. v. Novos Electro Mechanical, Inc., 990 So. 2d 1157, 1158 (Fla. 3d DCA 2008) (observing that an appellate court reviews de novo an order dismissing a complaint for failure to state a cause of action, and must confine its review to the four corners of the complaint to determine whether the complaint alleges sufficient ultimate facts that would entitle a plaintiff to relief); 17070 Colins Avenue v. Granite State Ins. Co., 720 So. 2d 1132, 1133 (Fla. 3d DCA 1998)(holding: "The standard of review for an order for involuntary dismissal is whether the contents of the complaint are sufficient to constitute a valid claim when construing the complaint in the light most favorable to the plaintiff, but limiting the consideration to the complaint's four corners.")

Applying these well-established principles, we conclude that the trial court properly dismissed those counts attempting to allege Civil Theft (Count 1), Conversion (Count 2), Intentional Infliction of Emotional Distress (Count 3), Breach of Contract (Count 7), and Negligent Infliction of Emotional Distress (Count 8). Even accepting as true all well-pled allegations, with all

---

[2] Egleston did not file an answer brief in this appeal and has been precluded from participation. However, the record reveals that the motion to dismiss filed by Egleston contained a recitation of "facts" that went well beyond the four corners of the complaint and its attachments, and should not have been recited by Egleston nor considered by the trial court.

reasonable inferences drawn in a light most favorable to Mejia, each of these counts fails to state a cause of action.

However, we conclude that Mejia has adequately—if inartfully—alleged causes of action for Unjust Enrichment (Count 4)[3], Breach of Fiduciary Duty (Count 5)[4] and Negligence (Count 6).[5]

We therefore affirm the trial court's order dismissing with prejudice Counts One, Two, Three, Seven and Eight, and reverse the trial court's order dismissing Counts Four, Five and Six.

---

[3] See Agritrade, LP v. Quercia, 253 So. 3d 28, 33 (Fla. 3d DCA 2017) ("The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff.") (quoting Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., 667 So. 2d 876, 879 (Fla. 3d DCA 1996)).

[4] See Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002) (holding: "The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages.") See also Fla. Std. J. Inst. (Civ.) 451.5.

[5] See Tieder v. Little, 502 So. 2d 923, 925 (Fla. 3d DCA 1987) (reiterating: "It is settled law that to maintain a cause of action sounding in negligence . . . the plaintiff must plead and prove three elements: (1) The existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) A failure on the part of the defendant to perform that duty; and (3) An injury or damage to the plaintiff proximately caused by such failure.) See also Fla. Std. J. Inst. (Civ.) 401.4 and 402.5.

Affirmed in part, reversed in part, and remanded for further proceedings.